IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AHMED AL DARBY, *et al.*, <br><br>   *Petitioners,* <br><br> v. <br><br> GEORGE W. BUSH, President of the United States, *et al.*, <br><br>   *Respondents.* | Civil Action No. 05-CV-2371 (RCL) |

## MOTION FOR EXPEDITED ENTRY OF THE PROTECTIVE ORDER

Petitioner Ahmed al Darby, acting on his own behalf and through his Next Friend, Petitioner Mohammed Mohammed Hassen (collectively, "Petitioners"), and through his undersigned counsel, respectfully requests that the Court immediately enter the Amended Protective Orders first entered by Judge Green in the *In re Guantanamo Detainee Cases* and since entered in related *habeas* proceedings before this Court (the "Protective Order"). *See*, *e.g.*, *Attash v. Bush*, No. 05-1592 (RCL) (D.D.C. Sep. 1, 2005).[1]  As the Court is aware, the Protective Order includes the following orders entered in the *In re Guantanamo Detainee Cases*:

1.  The Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantánamo Bay, Cuba, first issued by Judge Green on November 8, 2004 (344 F. Supp. 2d 174) (D.D.C. 2004)) (attached as Ex. A);

2.  The Order Addressing Designation Procedures for "Protected Information," first issued on November 10, 2004 (attached as Ex. B); and

---

[1] This Motion is made without prejudice to Petitioners' right to seek modification of any particular terms in the Protective Order in the future.

   3.  The Order Supplementing and Amending Filing Procedures Contained in November 8, 2004 Amended Protective Order, first issued on December 13, 2004 (attached as Ex. C).

Upon information and belief, Petitioner al Darby has been held for over four years, virtually *incommunicado*, by the United States at Guantánamo Bay Naval Station ("Guantánamo"). Petitioners initiated the instant proceeding by filing a Petition for Writ of *Habeas Corpus* on December 12, 2005. As set forth in that application, Petitioners allege that the imprisonment of Petitioner al Darby at Guantánamo is unlawful and violates his fundamental rights to due process as protected by the United States Constitution, as well as the Alien Tort Claims Act, the Third and Fourth Geneva Conventions, United States military law, and customary international law. *See* Petition (dkt. no. 1).

Additionally, undersigned counsel recently learned that, upon information and belief, Petitioner al Darby is now a key witness in the court martial of Army Pfc. Damien M. Corsetti, involving charges of detainee abuse at the U.S. military base in Bagram, Afghanistan. *See* Alicia A. Caldwell, *Soldier Pleads Not Guilty in Detainee Harm*, Wash. Post., Mar. 28, 2006 (attached as Ex. D). Upon information and belief, Petitioner al Darby has accused Army Pfc. Corsetti of hitting detainees and "threatening to sexually assault them." *Id.* Trial is scheduled to begin on May 30, 2006 at Fort Bliss, Texas. *Id*. Thus the need for Petitioner al Darby to confer with counsel, which was clear and immediate, is now especially acute.[2]

Petitioners seek to avail themselves of the jurisdiction of this Court as confirmed in *Rasul v Bush*, 542 U.S. 466 (2004). Until the Protective Order is entered, however, the Government will not allow privileged communications between undersigned counsel and Petitioner al Darby

---

[2] As a threshold matter, entry of the Protective Order will also enable undersigned counsel to confirm that Petitioner al Darby is in fact the individual named as the witness in Army Pfc. Corsetti's court martial.

and will not allow undersigned counsel to meet with Petitioner al Darby at Guantánamo. *See In re Guantanamo Detainee Cases*, 344 F. Supp. 2d 174, 184 (D.D.C. 2004) ("[t]o have access to the detainee, counsel must agree to comply fully with these procedures [the Protective Order] and must sign and affirmation acknowledging his/her agreement to comply with them."). Counsel for Respondents refuses to consent to entry of the Protective Order, "in light of the statutory withdrawal of the Court's jurisdiction in the Detainee Treatment Act of 2005, as well as the failure to establish proper next friend standing in this action." *See* email from Preeya Noronha to Veronica Vela (Jan. 23, 2006) (attached as Ex. E). The courts of this District have recognized that neither ground for Respondents' opposition has any merit.

The Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X, 119 Stat. 2680 (2005) (hereinafter "DTA"), is irrelevant to this motion. Addressing this same issue, Magistrate Judge Kay held that the "question of when, and under what circumstances the existing Protective Order permits [Petitioner] to meet with his lawyer has no bearing on the question of which Court has jurisdiction to review the merits of Petitioner's challenge to his detention." *Adem v. Bush,* No. 05-723 (RWR) (AK), Mem. Op. at 22 (D.D.C. Mar. 21, 2006) (dkt no. 36). Moreover, while entry of the Protective Order will not impact the ultimate disposition of Petitioners' substantive claims or prejudice Respondents in any way, forcing Petitioners to await the higher courts' determination of the applicability of the DTA[3] will delay by several months any contact between Petitioner al Darby and his counsel, "render[ing] his right to counsel meaningless." *See Id*. at 22 n.25.

---

[3] On March 28, 2006, the Supreme Court of the United States heard oral argument on, *inter alia*, the applicability of the DTA to currently pending Guantánamo detainee habeas petitions. The applicability of the DTA to currently pending Guantánamo detainee habeas petitions was also argued before the Court of Appeals for the District of Columbia on March 22, 2006.

4

Several judges of this Court have entered the Protective Order since the enactment of the DTA.  *See, e.g.*, *Thabid v. Bush*, No. 05-2398 (ESH), Min. Order (D.D.C. Mar. 21, 2006); *Razakah v. Bush*, No. 05-2370 (EGS), Min. Order (D.D.C. Mar. 17, 2006); *Wahab v. Bush*, No. 05-886 (EGS), Min. Order (D.D.C. Mar. 17, 2006).  Furthermore, Respondents have not relied upon the DTA to seek revocation of the Protective Order in the dozens of Guantánamo detainee cases in which judges of this Court have already entered the Protective Order.  In those cases, the attorneys continue to communicate with and visit their clients at Guantánamo.  Respondents' opposition to entry of the Protective Order here is without merit and plainly arbitrary.

Second, Respondents' challenge to the Next Friend standing of Petitioner Hassen is both unripe for review and misguided, since Petitioner al Darby and undersigned counsel must be able to meet in order for undersigned counsel to obtain proof of its authority to represent Petitioner al Darby.  In fact, the Protective Order specifically allows counsel two visits with Petitioner al Darby *before* "[c]ounsel shall provide evidence of his or her authority to represent the detainee…." *In re Guantanamo Detainee Cases*, 344 F. Supp. 2d at 185.  Magistrate Judge Kay, addressing the identical question of whether Respondents could challenge the validity of counsel's authorization prior to allowing counsel the two visits with their client as proscribed in the Protective Order, conducted a thorough analysis of the language of the Protective Order and held that a challenge to Next Friend standing is unripe for judicial review until after counsel has had its two visits with the client.  *See Adem v. Bush* at 23-25.

Entry of the Protective Order will ensure that undersigned counsel can meet and communicate with Petitioner al Darby with the appropriate assurances of confidentiality and privilege.  Accordingly, Petitioners respectfully request that the Protective Order be entered in the instant case forthwith.

WHEREFORE, for the foregoing reasons and for any other reason that may become known to the Court, the motion should be granted.

Dated: March 31, 2006

Respectfully Submitted,

SIMPSON THACHER & BARTLETT LLP

/s/ Paul C. Curnin
Mark J. Stein
Paul C. Curnin
Veronica Vela
Karen E. Abravanel
Nathaniel I. Kolodny
425 Lexington Avenue
New York, New York 10017
Tel: (212) 455-2000
Fax: (212) 455-2502

Attorneys for Petitioners

*Of Counsel:*

Barbara J. Olshansky (NY0057)
Tina Monshipour Foster (TF5556)
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6439
Fax: (212) 614-6499