IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AHMED AL DARBY, <u>et al.</u>,     ) | |
|           ) | |
|         Petitioners,    ) | |
|           ) | |
|   v.           ) | Civil Action No. 05-CV-2371 (RCL) |
|           ) | |
| GEORGE W. BUSH,       ) | |
|     President of the United States,   ) | |
| <u>et al.</u>,           ) | |
|           ) | |
|         Respondents.   ) | |

**RESPONDENTS' MEMORANDUM IN OPPOSITION TO
<u>PETITIONERS' MOTION FOR ENTRY OF PROTECTIVE ORDER</u>**

Respondents hereby respectfully submit this memorandum in opposition to petitioners'

motion seeking entry of the protective order in this case (dkt. no. 4) ("Pets' Mot.").

On December 30, 2005, the Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X,

119 Stat. 2680 ("the Act"), became law.  The Act, among other things, amends 28 U.S.C. § 2241

to remove court jurisdiction to hear or consider applications for writs of habeas corpus and other

actions brought in this Court by or on behalf of aliens detained at Guantanamo Bay, Cuba, and

creates an exclusive review mechanism in the D.C. Circuit, applicable to pending cases, to

address the validity of the detention of such aliens held as enemy combatants.  <u>Id.</u> § 1005(e)(1),

(h)(2).  Accordingly, the Court lacks jurisdiction to order the relief requested by petitioners.  The

effect of the Act was addressed in supplemental briefing in the Guantanamo detainee appeals

pending before the D.C. Circuit,[1] and our understanding is that it is the sense of the Court that it

wishes to await anticipated guidance from the D.C. Circuit regarding the effect of the Act before

---

[1]  Oral argument before the D.C. Circuit was held on March 22, 2006.

deciding any pending motions.[2]  In light of this and given the new, statutory withdrawal of the

Court's jurisdiction, at a minimum a stay of all proceedings in this case, including with respect to

petitioners' request for relief, is appropriate pending the resolution of the effect of the Act.

Indeed, because the Act vests "exclusive" jurisdiction in the D.C. Circuit "to determine the

validity of any final decision of a Combatant Status Review Tribunal that an alien is properly

detained as an enemy combatant," id. § 1005(e)(1), it would be inappropriate for the Court to

order relief in the interim that might infringe upon the Court of Appeals' exclusive jurisdiction.

See Telecommunications Research and Action Center v. FCC, 750 F.2d 70, 75, 78-79 (D.C. Cir.

1984) (request for relief in district court that might affect Court of Appeals' future, exclusive

jurisdiction is subject to the exclusive review of the Court of Appeals).[3]

---

[2]  In this vein, four other Judges of the Court have recently entered orders in Guantanamo detainee habeas cases pending before them denying without prejudice or holding in abeyance all pending motions and staying "all action" in the cases pending resolution of the effect of the Act. See January 11, 2006 Order in Gherebi v. Bush, No. 04-CV-1164 (RBW), et al.; January 27, 2006 Order in Begg v. Bush, No. 04-CV-1137 (RMC), et al.; March 16, 2006 Order in Anam v. Bush, No. 04-CV-1194 (HHK), et al.; March 31, 2006 Order in Ahmed Doe v. Bush, No. 05-CV-1458 (ESH), et al.

[3]  Petitioners' contention that respondents' opposition to entry of the Protective Order in this case is "plainly arbitrary" because respondents have not sought revocation of the Protective Order in other cases, see Pets' Mot. at 4, is incorrect.  Respondents previously intended to file a motion to dismiss this case based upon the Act's withdrawal of the Court's jurisdiction, see Notice of Supplemental Authority (dkt. no. 2), but refrained from doing so when they were informed that the sense of the Court was to await anticipated guidance from the D.C. Circuit regarding the effect of the Act before proceeding further in the Guantanamo habeas cases. During this interim period, respondents have permitted counsel visits and other privileged access to properly represented detainees in cases where the Protective Order had already been entered, and its requirements satisfied, pending a decision from the D.C. Circuit.  Once the Act's withdrawal of the Court's jurisdiction became effective, however, respondents have consistently opposed entry of the Protective Order in cases where it had not already been entered. Accordingly, respondents oppose entry of the Protective Order in this case.  In any event, respondents' actions in other Guantanamo habeas cases cannot be construed as a waiver or concession of jurisdiction that permits entry of the Protective Order in this case.  See Floyd v.

Petitioners' reliance on Magistrate Judge Kay's March 21, 2006 Memorandum Opinion and Order in Adem v. Bush, No. 05-CV-0723 (RWR) (dkt. nos. 36, 37), in support of their argument that the Act's withdrawal of the Court's jurisdiction over this case "is irrelevant to this motion," see Pets' Mot. at 3, is misplaced because the Magistrate Judge's Order is clearly erroneous and contrary to law.  Respondents address the reasons the Order is contrary to law in Respondents' Motion For Stay and Reconsideration of Magistrate Judge's Order and Opinion Docketed on March 21, 2006, which is attached and is incorporated herein.  See Adem v. Bush, No. 05-CV-0723 (RWR) (dkt. no. 38) (attached as Exhibit A).[4]

Respondents also oppose petitioners' request for relief because it has not been established that the petition in this case is properly authorized.  Petitioners have not demonstrated why the petition, not directly authorized by Ahmed Al Darby, the detainee for whom habeas relief is sought, but instead brought by another detainee claiming to act as his "next friend," should not be dismissed for lack of proper next friend standing.  The putative "next friend" detainee, Mohammed Mohammed Hassen, bears the burden of establishing his next friend status and justifying the exercise of the Court's jurisdiction over this action.  See Whitmore v. Arkansas, 495 U.S. 149, 163 (1990) ("'[N]ext friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another.").  To do so, he must satisfy the "two

_____

District of Columbia, 129 F.3d 152, 155 (D.C. Cir. 1997) (noting that "jurisdiction cannot be waived").

[4] Magistrate Judge Kay's analysis of respondents' challenge to petitioner's standing to sue in Adem v. Bush is also clearly erroneous and contrary to law.  See Exhibit A. Consequently, this Court should not apply the reasoning expressed in Magistrate Judge Kay's March 21, 2006 Memorandum Opinion and Order to its adjudication of respondents' challenge to the standing of the next friend petitioner in this case.  See infra.

firmly rooted prerequisites" articulated by the Supreme Court in <u>Whitmore</u>: (1) he must demonstrate that the detainee on whose behalf he claims to file a petition for writ of habeas corpus cannot challenge the legality of his detention himself; and (2) he must have a significant relationship with this detainee in order to demonstrate that he is truly dedicated to the detainee's best interests.  <u>Id.</u> at 163-64.  The petition in this case fails to meet either requirement. Notwithstanding the Act's withdrawal of the Court's jurisdiction over this case, if petitioners are unable to demonstrate that the petition was filed by a legitimate next friend, the Court cannot exercise jurisdiction over the petition, and the petition must be dismissed for lack of standing.[5]

---

[5]  Respondents have challenged the standing of other detainees purporting to act as "next friends" in a number of other cases, and some Judges of the Court have transferred such motions before them to Judge Oberdorfer for decision.  <u>See, e.g.</u>, <u>Ahmed Doe v. Bush</u>, No. 05-CV-1458 (ESH) (dkt. no. 8); <u>Nabil v. Bush</u>, No. 05-CV-1504 (RMC) (dkt. no. 8); <u>Al Hawary v. Bush</u>, No. 05-CV-1505 (RMC) (dkt. no. 10); <u>Shafiiq v. Bush</u>, No. 05-CV-1506 (RMC) (dkt. no. 10); <u>Idris v. Bush</u>, No. 05-CV-1555 (JR) (dkt. no. 6); <u>Al Razak v. Bush</u>, No. 05-CV-1601 (GK) (Minute Order dated November 14, 2005); <u>Kabir v. Bush</u>, No. 05-CV-1704 (JR) (dkt. no. 18); <u>Qasim v. Bush</u>, No. 05-CV-1779 (JDB) (dkt. no. 4); <u>Zakirjan v. Bush</u>, No. 05-CV-2053 (HHK) (dkt. no. 17); <u>Muhammed v. Bush</u>, No. 05-CV-2087 (RMC) (dkt. no. 11).  Judge Oberdorfer dismissed the next friend petitioner in <u>Idris v. Bush</u> because the detainee for whom habeas relief was purportedly sought also filed a <u>pro se</u> petition for habeas corpus.  <u>See Idris v. Bush</u>, No. 05-CV-1555 (JR) (dkt. no. 8).  Judge Oberdorfer dismissed respondents' motions for order to show cause in <u>Zakirjan v. Bush</u> and <u>Muhammed v. Bush</u> as moot based on the petitioners there, subsequent to filing of the petitions, providing evidence of direct authorization of the petition by the detainees for whom habeas relief is sought in those cases.  <u>See Zakirjan v. Bush</u>, No. 05-CV-2053 (HHK) (dkt. no. 24); <u>Muhammed v. Bush</u>, No. 05-CV-2087 (RMC) (dkt. no. 17).  In some of the other cases, Judge Oberdorfer granted respondents' motion for order to show cause and set a hearing for December 5, 2005, which has been continued pending additional efforts by counsel to attempt to establish adequate next friend standing in these cases.  <u>See, e.g.</u>, <u>Ahmed Doe v. Bush</u>, No. 05-CV-1458 (ESH) (dkt. nos. 10, 16).  On March 21, 2006, Magistrate Judge Kay issued a Memorandum Opinion and Order in <u>Adem v. Bush</u>, No. 05-CV-0723 (RWR) (dkt. nos. 36, 37), which, if not modified on reconsideration, could potentially impact proceedings with respect to such efforts.  Respondents' motion for stay and reconsideration of Magistrate Judge Kay's Order was filed on April 4, 2006 and is pending before the Court.  <u>See</u> Exhibit A.

It is well-established that "before a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue" under Article III of the Constitution. Whitmore, 495 U.S. at 154. The standing doctrine "ensure[s] that the plaintiff has a sufficient personal stake in the outcome of a dispute to render judicial resolution of it appropriate in a society that takes seriously both the idea of separation of powers and, more fundamentally, the system of democratic self-government that such separation serves." Hamdi v. Rumsfeld, 294 F.3d 598, 602-03 (4th Cir. 2002) (citation and internal quotations omitted).[6] "In essence, the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." Warth v. Seldin, 422 U.S. 490, 498 (1975). A habeas petitioner has proper standing only if the petition is "signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. If a petition is brought by someone acting on behalf of the person for whose relief the petition is intended, this "next friend" does not become a party to the action, but "simply pursues the cause on behalf of the detained person, who remains the real party in interest." Whitmore, 495 U.S. at 163.

Next friend standing is not automatically granted to anyone who seeks to pursue an action on behalf of another person, however. See id. Rather, consistent with the constitutional limits

---

[6] The cited 2002 decision of the Fourth Circuit in Hamdi ordered dismissal of a habeas case that a public defender and private citizen brought as purported next friends of Hamdi despite having no relationship with him. That deficiency was cured when Hamdi's father filed a legitimate next-friend petition bearing the same style, which eventually culminated in the 2004 decision of the Supreme Court in Hamdi v. Rumsfeld, 124 S. Ct. 2633 (2004). See Hamdi, 294 F.3d at 600 n.1, 606-07 & n.4; see also Hamdi, 124 S. Ct. at 2636. Of course, neither the fact that the defect was cured, nor the Supreme Court's ultimate decision in the properly filed habeas case, undermines or casts doubt on the Fourth Circuit's holdings concerning next friend standing in the defective case brought by the public defender and private citizen.

established by Article III, a litigant who asserts next friend standing bears the burden of

satisfying the "two firmly rooted prerequisites" for next friend status articulated by the Supreme

Court in Whitmore:

> First, a "next friend" must provide an adequate explanation — such
> as inaccessibility, mental incompetence, or other disability — why
> the real party in interest cannot appear on his own behalf to
> prosecute the action.  Second, the "next friend" must be truly
> dedicated to the best interests of the person on whose behalf he
> seeks to litigate, and it has been further suggested that a "next
> friend" must have some significant relationship with the real party
> in interest.

Id. at 163-64 (internal citations omitted).

The petition in the above-captioned case does not meet either prong of the Whitmore test.

First, petitioners have failed to demonstrate that the detainee for whom habeas relief is sought

cannot submit a petition on his own behalf.  As explained in the Declaration of Frank Sweigart,

the Department of Defense ("DoD") has notified each detainee at Guantanamo Bay of his right to

file a petition for habeas corpus, and has provided each detainee with the address of the United

States District Court in the event that he desires to submit his own petition to the Court.[7]  See

(Second) Sweigart Declaration, ¶¶ 3-5 (attached hereto as Exhibit B).  As a result of these

notifications, 56 pro se petitions for writ of habeas corpus have already been filed with the

Court.[8]  Furthermore, DoD has taken affirmative steps to facilitate legal representation for

---

[7] Detainees are afforded the opportunity regularly to send and receive mail through the
mail system administered by DoD and through the International Committee for the Red Cross.
Detainees are supplied pens, paper and envelopes regularly, and mail privileges cannot be
revoked.  See (Second) Sweigart Declaration, Ex. D.

[8] As of September 19, 2005, the date that the Sweigart Declaration was executed, there
were 55 pro se petitions filed with the Court.  See Khiali-Gul v. Bush, No. 05-CV-0877 (JR);
Rahmattulah v. Bush, No. 05-CV-0878 (CKK); Mohammad v. Bush, No. 05-CV-0879 (RBW);

detainees who have indicated a desire to challenge the legality of their detention by providing

such detainees with a form to complete and mail to the American Bar Association ("ABA"),

which has agreed to recruit volunteer counsel for detainees desiring representation.  See id., ¶ 7.

In addition, all detainees at Guantanamo Bay have the ability to send and receive mail, allowing

them to contact family and friends, see id., Ex. D; supra, note 6, and they have been informed of

the option of contacting friends and family to have them file habeas petitions on their behalf.

      Given that all detainees have been notified of their right to submit petitions for writ of

habeas corpus; that they have the ongoing opportunity to send mail to family, friends, and the

Court; and that the ABA has agreed to offer the detainees assistance in securing legal

---

Nasrat v. Bush, No. 05-CV-0880 (ESH); Slahi v. Bush, No. 05-CV-0881 (JR); Rahman v. Bush, No. 05-CV-0882 (GK); Bostan v. Bush, No. 05-CV-0883 (RBW); Muhibullah v. Bush, No. 05-CV-0884 (RMC); Mohammad v. Bush, No. 05-CV-0885 (GK); Wahab v. Bush, No. 05-CV-0886 (EGS); Chaman v. Bush, No. 05-CV-0887 (RWR); Gul v. Bush, No. 05-CV-0888 (CKK); Basardh v. Bush, No. 05-CV-0889 (ESH); Khan v. Bush, No. 05-CV-0890 (RMC); Nasrullah v. Bush, No. 05-CV-0891 (RBW); Shaaban v. Bush, No. 05-CV-0892 (CKK); Sohail v. Bush, No. 05-CV-0993 (RMU); Tohirjanovich v. Bush, No. 05-CV-0994 (JDB); Slahi v. Bush, No. 05-CV-0995 (JR); Mohammad v. Bush, No. 05-CV-0996 (JR); Khudaidad v. Bush, No. 05-CV-0997 (PLF); Al Karim v. Bush, No. 05-CV-0998 (RMU); Al-Khalaqi v. Bush, No. 05-CV-0999 (RBW); Sarajuddin v. Bush, No. 05-CV-1000 (PLF); Kahn v. Bush, No. 05-CV-1001 (ESH); Mohammed v. Bush, No. 05-CV-1002 (EGS); Mangut v. Bush, No. 05-CV-1008 (JDB); Hamad v. Bush, No. 05-CV-1009 (JDB); Khan v. Bush, No. 05-CV-1010 (RJL); Zuhoor v. Bush, No. 05-CV-1011 (JR); Ali Shah v. Bush, No. 05-CV-1012 (ESH); Salaam v. Bush, No. 05-CV-1013 (JDB); Mammar v. Bush, No. 05-CV-1233 (RCL); Ahmed v. Bush, No. 05-CV-1234 (EGS); Baqi v. Bush, No. 05-CV-1235 (PLF); Abdulzaher v. Bush, No. 05-CV-1236 (RWR); Aminullah v. Bush, No. 05-CV-1237 (ESH); Ghalib v. Bush, No. 05-CV-1238 (CKK); Al Khaiy v. Bush, No. 05-CV-1239 (RJL); Altaiy v. Bush, No. 05-CV-1240 (RCL); Bukhari v. Bush, No. 05-CV-1241 (RMC); Pirzai v. Bush, No. 05-CV-1242 (RCL); Peerzai v. Bush, No. 05-CV-1243 (RCL); Alsawam v. Bush, No. 05-CV-1244 (CKK); Mohammadi v. Bush, No. 05-CV-1246 (RWR); Al Ginco v. Bush, No. 05-CV-1310 (RJL); Ullah v. Bush, No. 05-CV-1311 (RCL); Al Bihani v. Bush, No. 05-CV-1312 (RJL); Sadkhan v. Bush, No. 05-CV-1487 (RMC); Faizullah v. Bush, No. 05-CV-1489 (RMU); Faraj v. Bush, No. 05-CV-1490 (PLF); Khan v. Bush, No. 05-CV-1491 (JR); Ahmad v. Bush, No. 05-CV-1492 (RCL); Amon v. Bush, No. 05-CV-1493 (RBW); Idris v. Bush, No. 05-CV-1555 (JR).  Since that date, one additional pro se petition has been filed.  See Jamolivich v. Bush, No. 05-CV-2112 (RBW).

representation, it cannot simply be assumed that the detainees for whom habeas relief is sought

cannot submit petitions on their own behalf.  The next friend petition in this case, however, does

just that.  See, e.g., Petition, ¶ 4 (dkt. no. 1) ("[Mohammed Mohammed Hassen] acts as the Next

Friend to Petitioner al Darby because Petitioner al Darby has been denied access to legal counsel

and to the courts of the United States.").  See also Ahmed v. Bush, No. 05-CV-0665 (RWR)

(Order dated May 24, 2005) (dkt. no. 12) ("The petition presumes, rather than demonstrates

through facts, that Ahmed has been denied access to the courts of the United States. . . . In light

of the fact that several pro se petitions have been filed recently by Guantanamo Bay detainees,

Ahmed's lack of access to this court cannot be presumed, but must be established.");[9] Hamlily v.

Bush, No. 05-CV-0763 (JDB) (Order dated October 3, 2005) (dkt. no. 16) ("[The petition] states

only that [Hamlily] is 'being held essentially incommunicado' and that 'his family members have

not been able to contact U.S. counsel to file a petition on his behalf.' . . . There is a serious

question as to whether this alone is sufficient to establish Hamlily's inability to prosecute this

---

[9]  The issue of next friend standing was raised sua sponte by Judge Roberts in Ahmed v.
Bush, No. 05-CV-0665 (RWR), another Guantanamo Bay detainee case.  Based on an
observation that the petition presented scant facts demonstrating that the Whitmore requirements
were satisfied, Judge Roberts ordered petitioners to file a memorandum and supporting materials
tending to demonstrate that the detainee who purported to act as next friend in that case should
be granted next friend standing.  See Ahmed v. Bush, No. 05-CV-0665 (RWR) (Order dated May
24, 2005) (dkt. no. 12).  Petitioners filed a memorandum in response to the Court's Order, in an
attempt to demonstrate that both prongs of the Whitmore test were satisfied.  See Ahmed v.
Bush, No. 05-CV-0665 (RWR) (dkt. no. 13).  Although respondents filed a response to
petitioners' memorandum indicating that they took no position on petitioners' memorandum at
that time, see Ahmed v. Bush, No. 05-CV-0665 (RWR) (dkt. no. 14), and the Court in that case
did not issue any subsequent ruling on the issue, respondents now seek to challenge next friend
standing in certain recently filed Guantanamo Bay detainee cases in which the appropriate next
friend standing requirements have not been satisfied.

action on his own behalf.");[10] <u>Ahmed Doe v. Bush</u>, No. 05-1458 (ESH), <u>et al.</u>, (Order dated November 4, 2005) (dkt. no. 10) (Oberdorfer, J.) ("Petitioners do not explain why the detainees that they purport to represent as next friends are in a materially different position than the detainees who have filed petitions with this Court.").

Absent evidence that the detainee for whom habeas relief is sought cannot submit a petition on his own behalf, petitioners cannot demonstrate proper next friend standing, and the Court cannot exercise jurisdiction over the petition.  <u>See</u> <u>FW/PBS, Inc. v. City of Dallas</u>, 493 U.S. 215, 231 (1990) ("It is a long-settled principle that standing cannot be 'inferred argumentatively from averments in the pleadings,' but rather 'must affirmatively appear in the record.'") (citations omitted).

The purported "next friend" in this case has also failed to satisfy the second requirement of the <u>Whitmore</u> test — he has not established that he has a "significant relationship" with the detainee on whose behalf habeas relief is sought such that he is "truly dedicated to [his] best interests."  <u>See</u> <u>Whitmore</u>, 495 U.S. at 163-64.[11]  The requirement of a "significant relationship"

---

[10]  On October 31, 2005, Judge Bates discharged the order to show cause regarding next friend standing that he entered <u>sua sponte</u> in <u>Hamlily v. Bush</u> based on counsel's showing that the detainee in that case directly requested legal representation and authorized counsel's filing of the petition.  <u>See</u> Order dated October 31, 2005 in <u>Hamlily v. Bush</u>, No. 05-CV-0763 (JDB) (dkt. no. 19) (discharging order to show cause and dismissing next friend petitioner in the case).  Judge Bates noted, however, that "counsel's filing fail[ed] to address several of the serious deficiencies in next friend standing" raised in the Court's order to show cause.  <u>See</u> <u>id.</u> at 2.

[11]  The majority of Circuits that have been confronted with the issue have construed <u>Whitmore</u> to require a "significant relationship" as part of the second prong of the test for next friend standing.  <u>See</u> <u>Hamdi v. Rumsfeld</u>, 294 F.3d 598, 604 (4th Cir. 2002) ("<u>Whitmore</u> is thus most faithfully understood as requiring a would-be next friend to have a significant relationship with the real party in interest."); <u>Coalition of Clergy, Lawyers, and Professors v. Bush</u>, 310 F.3d 1153, 1162 (9th Cir. 2002) ("Combining the 'significant relationship' requirement, however, with the 'dedicated to best interests' consideration . . . meets the concerns the <u>Whitmore</u> Court

with the real party in interest is necessary to ensure that a next friend will genuinely pursue the

interests of the person in custody (who at all times remains the real party in interest) and will not

(1) merely use the litigation as a vehicle for advancing his own agenda or (2) assume he or she is

in tune with the real party's desires and interests.  See id. at 164 (cautioning against "intruders or

uninvited meddlers" filing lawsuits on behalf of unwitting strangers).

Thus, under the "significant relationship" requirement, courts have generally limited next

friend standing to close relatives such as parents, siblings, and spouses.  See, e.g., Vargas v.

Lambert, 159 F.3d 1161, 1168 (9th Cir. 1998) (mother); Hamdi, 294 F.3d at 600 n.1 (father);

Smith ex rel. Missouri Pub. Defender Comm'n v. Armontrout, 812 F.2d 1050 (8th Cir. 1987)

(brother); In re Ferrens, No. 4746, 8 F. Cas. 1158, 1159 (S.D.N.Y. 1869) (wife).  Attorneys who

have previously represented an individual seeking habeas corpus have also been permitted to act

---

addressed."); T.W. v. Brophy, 124 F.3d 893, 897 (7th Cir. 1997) ("It follows, as the Court
suggested in the Whitmore case, that not just anyone who expresses an interest in the subject
matter of a suit is eligible to be the plaintiff's next friend – that he 'must have some significant
relationship with the real party in interest'"); Amerson v. Iowa, 59 F.3d 92, 93 n.3 (8th Cir. 1995)
(under Whitmore, the "next friend has [the] burden to establish . . . that she has some "significant
relationship with [the] real party in interest"); Zettlemoyer v. Horn, 53 F.3d 24, 27 n.4 (3d Cir.
1995) (observing that "[t]he Whitmore Court also . . . suggested that the party 'must have some
significant relationship with the real party in interest'").  See also Al Odah v. Bush, 321 F.3d
1134, 1138 (D.C. Cir. 2003), rev'd on other grounds, Rasul v. Bush, 542 U.S. 466 (2004) (stating
that the family members of Guantanamo detainees who filed habeas petitions on their behalf
"demonstrated through affidavits that they are 'truly dedicated to the best interests of these
individuals,' [and] that they have a 'significant relationship' with the detainees . . .") (citing
Whitmore, 495 U.S. at 163-64).  Although the Eleventh Circuit questioned whether Whitmore
established "some significant relationship" as an independent requirement, it nevertheless noted
the importance of a relationship in demonstrating whether a putative next friend "can show true
dedication to the best interests of the person on whose behalf he seeks to litigate."  Sanchez-
Velasco v. Secretary of the Dep't of Corrections, 287 F.3d 1015, 1026-27 (11th Cir. 2002).  See
also Centobie v. Campbell, 407 F.3d 1149, 1151 (11th Cir. 2005) ("We conclude that Puzone is
not 'truly dedicated to the best interests of the person on whose behalf [s]he seeks to litigate,' and
she does not have 'some significant relationship with the party in interest.'") (citing Hauser v.
Moore, 223 F.3d 1316, 1322 (11th Cir. 2000)).

as next friends based on that pre-existing relationship. See Sanchez-Velasco, 287 F.3d at 1026

("'[S]ome significant relationship' does exist when the would-be next friend has served in a prior

proceeding as counsel for the real party in interest and did so with his consent."). Distant

relatives or simple acquaintances generally do not have a sufficient relationship to establish next

friend standing, see, e.g., Davis v. Austin, 492 F. Supp. 273, 274-76 (N.D. Ga. 1980) (neither

detainee's first cousin nor a minister who had counseled detainee could sue as next friend) (cited

with approval in Whitmore, 495 U.S. at 164), and petitions filed by total strangers purporting to

act as next friends are typically dismissed for lack of jurisdiction. See, e.g., Hamdi, 294 F.3d at

603-07 (dismissing petitions brought by a public defender and private citizen who had no

relationship to the detainee).

     In the above-captioned case, the putative next friend petitioner has failed to demonstrate

that he has any sort of "significant relationship" with the detainee for whom habeas relief is

sought. The "authorization" submitted by Mohammed Mohammed Hassen contains boilerplate

language stating that he understands what it means to act as a "next friend," and that he believes

that the detainee on whose behalf he claims to seek habeas relief wants legal representation to

challenge his detention, without stating any legitimate basis for this belief beyond the fact that he

has also been detained at Guantanamo Bay.[12] See Exhibit A to Declaration of Marc D. Falkoff,

---

[12] If a detainee were able to act as next friend for another detainee simply based on the mere fact that they are both detained at Guantanamo, detainees or prisoners could purport to bring mass habeas corpus petitions simply by being able to list the identities of those detained alongside them, a situation that is surely inconsistent with standing jurisprudence. See Othman v. Bush, No. 05-CV-2088 (RWR) (dkt. no. 2) ("The petition's characterization of Al Wahab as Othman's 'companion' is an insufficient showing upon which to make any judgment about Al Wahab's fitness to serve[] as next friend. The companionship may be by dint of mere fortuity of co-location in detention with no more substance to the relationship than that.").

attached to Petition (dkt. no. 1) (stating, "As a result of being incarcerated at Guantanamo Bay, I have come to know Ahmed al Darby well on a personal level. I know that he wants legal assistance in securing his release from this prison."). The dearth of basic biographical and personal information about the detainee on whose behalf habeas relief is sought indicates that Mohammed Mohammed Hassen does not share any meaningful relationship with Ahmed Al Darby and, therefore, cannot be determined to be acting in his best interests. Because even acquaintances cannot satisfy the requirement of a significant relationship under <u>Whitmore</u>, and the minimal information presented in the petition indicates that the purported next friend merely knows of another detainee or, at best, is mere acquaintances with the detainee on whose behalf he seeks habeas relief, the purported next friend has failed to demonstrate that he is "truly dedicated to [Ahmed Al Darby's] best interests." <u>Whitmore</u>, 495 U.S. at 163. Absent proof that evidences a significant relationship, petitioners cannot demonstrate proper next friend standing, and the Court cannot exercise jurisdiction over the petition in the above-captioned case.[13]

In sum, the petition in this case fails to satisfy the standing requirements articulated by the Supreme Court in <u>Whitmore</u>. Jurisdiction must be established and this case must be properly before the Court before any proceedings may commence, including counsel access to petitioners

---

[13] Approximately 200 detainees at Guantanamo Bay have filed petitions for writ of habeas corpus through family members who arguably meet the "significant relationship" requirement. <u>See</u>, <u>e.g.</u>, <u>Hatim v. Bush</u>, No. 05-CV-1429 (RMU) (filed on behalf of two detainees by their siblings, Fatima Nasser Yahia Abdullah Kussrof and Ali Mohammed Saleh Al-Salahi); <u>Rabbani v. Bush</u>, No. 05-CV-1607 (JR) (filed on behalf of two detainees by their wives, Malika and Fouzia Ahmmed); <u>Sadkhan v. Bush</u>, No. 05-CV-1679 (RJL) (filed on behalf of detainee by his father, Jabbar Sadkhan Al-Sahlani).

pursuant to the Protective Order.[14]  Notwithstanding the Act's withdrawal of the Court's

jurisdiction over this case, if petitioners are unable to demonstrate that the petition was filed by a

legitimate next friend, the Court cannot exercise jurisdiction over the petition, and the petition

must be dismissed for lack of standing.[15]

* * *

For these reasons, petitioners' motion for entry of the protective order should be denied.

---

[14]  Even the Protective Order and counsel access procedures typically made applicable in
Guantanamo detainee habeas cases provides that "[p]rior to being permitted access to the
detainee," counsel must "provide evidence of his or her authority to represent the detainee."  See
Amended Protective Order and Procedures for Counsel Access to Detainees at the United States
Naval Base in Guantanamo Bay, Cuba in In re Guantanamo Detainee Cases, No. 02-CV-0299, et
al., 344 F. Supp. 2d 174 (D.D.C. Nov. 8, 2004), Ex. A, § III.C.1.  Counsel has yet to provide
sufficient evidence of their "authority to represent" the detainees for whom habeas relief is
purportedly sought, i.e., to demonstrate the satisfaction of the requirements of next friend
standing in this matter.  The Protective Order thus contemplates counsel access to the detainees
(including privileged mail correspondence and visits to Guantanamo Bay) only in cases properly
before the Court.

[15]  Additionally, petitioners' argument that the need for Ahmed Al Darby to confer with
counsel is "now especially acute" because someone with his name is allegedly a witness in the
court-martial of a United States service member is groundless.  Pets' Mot. at 2.  Not only does
counsel admit uncertainty regarding whether Ahmed Al Darby "is in fact the individual named as
the witness" in the court-martial, id. at 2 n.2, but any concerns regarding potential testimony in
separate court-martial proceedings are not relevant to petitioner's petition for writ of habeas
corpus.  Given the Act's withdrawal of the Court's jurisdiction over this case, as well as
petitioners' deficient demonstration of next friend standing, entry of the Protective Order in this
habeas case to accommodate counsel's speculative concerns in an unrelated matter is
inappropriate.  See Protective Order, Ex. A, § I (stating that counsel access procedures shall
govern access to detainees by counsel only "for purposes of litigating" the Guantanamo habeas
cases).

Dated: April 14, 2006                Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DOUGLAS N. LETTER
Terrorism Litigation Counsel

_____/s/ Nicholas J. Patterson_____
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
JAMES J. SCHWARTZ
PREEYA M. NORONHA
ROBERT J. KATERBERG
NICHOLAS J. PATTERSON
ANDREW I. WARDEN
EDWARD H. WHITE
MARC A. PEREZ
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel:  (202) 514-4107
Fax:  (202) 616-8470

Attorneys for Respondents