IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AHMED AL DARBY, *et al.*,<br><br>    *Petitioners,*<br><br>  v.<br><br>GEORGE W. BUSH, *et al.*,<br><br>    *Respondents.* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )<br><br>Civil Action No. 05-CV-2371 (RCL) |

**PETITIONERS' RENEWED MOTION FOR IMMEDIATE ENTRY OF THE
PROTECTIVE ORDER OR, ALTERNATIVELY, TO ISSUE
AN ORDER TO SHOW CAUSE, BASED ON CHANGED CIRCUMSTANCES**

Petitioner Ahmad Mohammad Al Darbi ("Al Darbi"), together with his Next Friend, Petitioner Ali Mohammad Al Darbi ("Ali Al Darbi"), by and through undersigned counsel, rely on the following points and authorities in support of their renewed motion requesting this Court to issue forthwith the entry of the Protective Order, returnable in three days, in order to allow undersigned counsel to schedule a visit with Petitioner Al Darbi. Alternatively, Petitioners seek forthwith the issuance of an Order to Show Cause why the Protective Order should not be entered, returnable in three days. In support of their motion, Petitioners state the following:

Petitioner Al Darbi is a detainee at Camp Delta, Guantánamo Bay Naval Station, Guantánamo Bay, Cuba ("Guantánamo"). He has been imprisoned by the United States for over four years. During that entire time, he has been held virtually incommunicado.

Petitioners write to advise the Court that Respondents have withdrawn their challenge to the next friend standing in this case. In opposing Petitioners' original Motion for Expedited Entry of the Protective Order, Respondents argued that Petitioners' original Petition for Writ of

Habeas Corpus was not properly authorized because Petitioner Al Darbi's next friend, Mohammed Mohammed Hassen, was a fellow detainee who lacked "proper next friend standing." Respondents' Memorandum in Opposition to Petitioners' Motion for Entry of Protective Order at 3 (dkt. no. 5) (hereinafter "Opp'n Br."). On June 20, 2006, Petitioners filed an Amended Petition for Writ of Habeas Corpus (dkt. no. 9) ("the Amended Petition"). The Amended Petition substitutes Petitioner Al Darbi's brother, Ali Al Darbi, as the next friend of Petitioner Al Darbi. *See* Am. Pet. Ex. B. Thereafter, on June 23, 2006, Respondents withdrew their challenge to the next friend standing in this case, without prejudice. Email from Preeya Noronha to Veronica Vela (June 23, 2006) (attached hereto as Ex. A).

Moreover, contrary to Respondents' assertion, the Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X, 119 Stat. 2680 (2005) (the "DTA") does not remove jurisdiction from this Court to hear issues concerning detainee access to counsel. *See* Opp'n Br. at 1-2. Several judges in this District have found that, despite the DTA, this court has jurisdiction to enter the Protective Order and preserve detainees' right to meet with counsel.[1] For example, Judge Walton recently held that "the Court . . . is not powerless to take any action whatsoever with the case in its

---

[1] *See e.g.*, *Mohammon v. Bush*, No. 05-2386 (D.D.C. June 27, 2006) (RBW) (dkt. no. 66); *Amon v. Bush*, No. 05-1493 (D.D.C. June 12, 2006) (RBW) (dkt. no. 19); *Al-Ghizzawi v. Bush*, No. 05-2378 (D.D.C. June 2, 2006) (JDB) (minute order); *Faizullah v. Bush,* No. 05-1489 (D.D.C. April 21, 2006) (RMU) (minute order); *Sohail v. Bush*, No. 05-993 (D.D.C. April 21, 2006) (RMU) (minute order); *Al Salami v. Bush*, No. 05-2452 (D.D.C. Apr. 13, 2006) (PLF) (dkt. no. 12); *Zadran v. Bush*, No. 05-2367 (D.D.C., Apr. 12, 2006) (RWR) (dkt. no. 25); *Alsaaei v. Bush*, No. 05-2369 (D.D.C., Apr. 12, 2006) (RWR) (dkt. no. 14); *Said v. Bush*, No. 05-2384 (D.D.C., Apr. 12, 2006) (RWR) (dkt. no. 15); *Al Shareef v. Bush*, No. 05-2458 (D.D.C., Apr. 12, 2006) (RWR) (dkt. no. 10); *Awad v. Bush,* No. 05-2379 (D.D.C. Apr. 11, 2006) (JR) (minute order); *Thabid v. Bush*, No. 05-2398 (D.D.C., Mar. 21, 2006) (ESH) (minute order); *Ahmed v. Bush*, No. 05-1234 (D.D.C., Mar. 21, 2006) (EGS) (minute order); *Razakah v. Bush*, No. 05-2370 (D.D.C. Mar. 17, 2006) (EGS) (minute order); *Wahab v. Bush*, No. 05-886 (D.D.C., Jan 10, 2006) (EGS) (minute order); *Khiali-Gul v. Bush*, No. 05-877 (D.D.C. Jan 6, 2006) (JR) (minute order).

current posture . . . [t]he Court is absolutely not persuaded, absent contrary direction by the District of Columbia Circuit, that the DTA has divested the Court of its authority, recognized in *Al Odah v. United States*, to appoint counsel to represent Guantánamo Bay detainees." *Nasrullah v. Bush,* No. 05-891 (RBW), Order at 2-3 (D.D.C. June 12, 2006) (dkt. no. 18) (citations omitted). Indeed, Judge Walton continued, "regardless of how the Circuit Court ultimately rules, it seems inconceivable that it will conclude that the detainees will not have the right to the assistance of counsel." *Id.* at 5.[2] And, thus, "[d]enying access to counsel to prisoners in this situation could therefore undermine the efficacy of the Great Writ of habeas corpus." *Mohammon v. Bush*, No. 05-2386 (RBW), Order at 3 (D.D.C. June 27, 2006) (dkt. no. 66).

Recent events have further emphasized the arbitrary nature of Respondents' continued opposition to entry of the Protective Order. In May, 2006, Petitioners' counsel attended the court martial of Army Pfc. Damien Corsetti ("Corsetti"), a former army interrogator who was charged, *inter alia,* with physically abusing and sexually humiliating Petitioner Al Darbi at Bagram Air Base, Afghanistan. Declaration of Karen E. Abravanel, Esq. ("Abravanel Decl.") ¶¶ 4-6. Indeed, Petitioner Al Darbi was the primary accuser against Pfc. Corsetti. *Id.* ¶¶ 5-6. Notwithstanding the pendency of the court martial, Respondents refused to consent to entry of the Protective Order. Respondents dismissed the concerns raised by Petitioners' counsel by suggesting that "someone with [Petitioner's] name" is "allegedly a witness" in the court martial, and focusing on the fact that Petitioners' counsel could not prove at that time that Petitioner Al

---

[2] Magistrate Judge Kay has stated: "[T]he need to resolve questions regarding the logistics of counsel access will remain an issue, even if the D.C. Circuit and the Supreme Court determine that the DTA applies to those *habeas* cases currently pending in the District Court." *Adem v. Bush*, No. 05-723 (RWR) (AK), Mem. Op. at 22 n.25 (D.D.C. Mar. 21, 2006) (dkt. no. 36). As Magistrate Judge Kay further stated: "Forcing [Petitioner] to wait until all such proceedings and appeals are concluded before permitting him to speak with his lawyer renders his right to counsel meaningless." *Id.* at 22 n.25.

Darbi was the same individual involved in the court martial. Opp'n Br. at 13 n.15. Yet, testimony during the court martial made clear that Petitioner Al Darbi was indeed the same "Ahmed Al Darbi" who made the accusations against Pfc. Corsetti. Abravanel Decl. ¶ 6.

Although Respondents continue to prohibit undersigned counsel from access to Petitioner Al Darbi, testimony during the court martial also revealed that Respondents have permitted at least one other civilian attorney to meet with and interview Petitioner Al Darbi. The Prosecution introduced into evidence a transcript of the deposition testimony of Petitioner Al Darbi, taken at Guantánamo in or about February 2006, by the Prosecution and by William E. Cassara, Pfc. Corsetti's civilian defense lawyer. Abravanel Decl. ¶¶ 7-9. Mr. Cassara questioned Petitioner Al Darbi not only about his accusations against Pfc. Corsetti, but also about the underlying circumstances of his detention. *Id.* ¶ 10. Since Respondents permitted Mr. Cassara to access Petitioner Al Darbi for the purpose of defending a third party in an unrelated case, it defies logic and fairness that Petitioner Al Darbi cannot meet with his own counsel, particularly counsel bound by the requirements of a Protective Order.

Finally, undersigned counsel represents—also on a *pro bono* basis—another detainee in connection with his Petition for Writ of Habeas Corpus, currently pending before Judge Roberts. *See generally, Alsaaei v. Bush,* No. 05-2369 (RWR). Judge Roberts entered the Protective Order in *Alsaaei v. Bush* on April 12, 2006 (dkt. no. 14). Pursuant to the terms of the Protective Order, undersigned counsel have been granted "Secret" level clearance, have completed a final security briefing, and have obtained Respondents' approval to visit Guantánamo and meet with their client from July 6 – 9, 2006. As this Court is aware, the procedure for scheduling habeas counsel visits to Guantánamo is long and complicated and travel to the Base is expensive and time-consuming. Therefore, Petitioners' counsel respectfully request that they should be allowed to

meet with both of their clients during the same scheduled visit.  Requiring counsel to schedule a separate visit to Petitioner Al Darbi will unnecessarily delay Petitioner Al Darbi's access to counsel for several weeks or longer, and squander *pro bono* counsel's resources.

WHEREFORE, for the above-stated reasons, for any other reason that may become known to the Court, and for good cause, Petitioners respectfully request that this Court issue either the Protective Order or an Order to Show Cause to the Respondents, either of which should then be ordered returnable within three days of this Court's issuance.

Dated:  June 27, 2006

>Respectfully submitted,
>
>SIMPSON THACHER & BARTLETT LLP
>
>/s/ Paul C. Curnin
>Paul C. Curnin
>Veronica Vela
>Karen E. Abravanel
>Nathaniel I. Kolodny
>425 Lexington Avenue
>New York, New York 10017
>(212) 455-2000
>
>Attorneys for Petitioners

*Of Counsel*:

Barbara J. Olshansky (NY0057)
Gitanjali S. Gutierrez
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6439
Fax: (212) 614-6499