PREVIOUSLY FILED WITH CSO
AND CLEARED FOR PUBLIC FILING

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AHMED AL DARBI, *et al.*, <br><br> *Petitioners,* <br><br> v. <br><br> GEORGE W. BUSH, *et al.*, <br><br> *Respondents.* | Civil Action No. 05-CV-2371 (RCL) |

**MOTION FOR ORDER REQUIRING RESPONDENTS TO PROVIDE THIRTY DAYS'
ADVANCE WRITTEN NOTICE OF ANY INTENDED TRANSFER OR REMOVAL OF
PETITIONER AHMAD MOHAMMAD AL DARBI**

Pursuant to the All Writs Act, 28 U.S.C. § 1651, Petitioners respectfully move for an order requiring Respondents, their agents, servants, employees, and any persons acting in concert or participation with them, or having actual or implicit knowledge of this Order by personal service or otherwise, to provide this Court, Petitioners and undersigned counsel with thirty days' advance written notice of any transfer or removal of Petitioner Ahmad Mohammad Al Darbi ("Al Darbi") from United States custody at the United States Naval Station at Guantánamo Bay, Cuba ("Guantánamo"). Upon information and belief, Petitioner Al Darbi may be at risk of being rendered, returned or transferred, *incommunicado* and without lawful process, to another country. *See* Am. Pet. ¶¶ 45-50. Any such transfer without notice would threaten this Court's jurisdiction and would improperly interfere with counsel's ability to provide Petitioner Al Darbi with effective legal representation. Petitioners thus request thirty days' advance written notice in order to preserve the jurisdiction of this Court and to protect Petitioner Al Darbi's relationship with undersigned counsel.

**ARGUMENT**

I.  **THIS COURT SHOULD ACT TO PRESERVE ITS JURISDICTION**

This Court has inherent power under the All Writs Act, 28 U.S.C. § 1651(a), to "issue all writs necessary or appropriate in aid of [its] jurisdiction." *SEC v. Vision Comms., Inc.*, 74 F.3d 287, 297 (D.C. Cir. 1996); *Envtl. Def. Fund v. EPA*, 485 F.2d 780, 784 n.2 (D.C. Cir. 1973). Respondents' removal of Petitioner Al Darbi from Guantánamo would clearly deprive Petitioners of the right to adjudicate their habeas challenge in this Court, whose jurisdiction Petitioners have properly invoked. *See El-Banna v. Bush*, No. 04-1144 (RWR), slip op. at 4 (D.D.C. Apr. 8, 2005) (dkt. no. 141) (finding that transfer of detainees to other sovereigns and other locations "would improperly subvert the court's ability to adjudicate these actions on their merits.") (citing *Rasul v. Bush*, 542 U.S. 466, 483 (2004)). This Court should act to preserve its jurisdiction. *See id.* at 4-5 ("It is well established that the federal courts may and should take such action as will defeat attempts to wrongfully deprive parties entitled to sue in the Federal courts for protection of their rights in those tribunals.") (citations omitted).

II.  **REQUIRING ADVANCE NOTICE OF TRANSFER WILL PROTECT PETITIONER AL DARBI'S ACCESS TO COUNSEL AND HIS DUE PROCESS CLAIMS**

Petitioner Al Darbi is entitled to the effective representation of counsel, one of the pillars of fair judicial process. Although the precise boundaries of detainee rights are currently the subject of litigation, the United States Supreme Court has conclusively determined that detainees at Guantánamo have a right to counsel. *See Rasul v. Bush*, 542 U.S. 466, 483 n.15 (2004) ("Petitioners' allegations—that, although they have engaged neither in combat nor in acts of terrorism against the United States, they have been held . . . without access to counsel and without being charged with any wrongdoing—unquestionably describe 'custody in violation of the Constitution or laws or treaties of the United States.'") (citing 28 U.S.C. § 2241(c)(3)); *see*

*also Said v. Bush*, No. 05-2384 (RWR), slip op. at 4 (D.D.C. July 25, 2006) (dkt. no. 41) ("Petitioners' right to be represented by counsel before this court in pursuing their habeas petition is grounded in the federal habeas statute, 28 U.S.C. § 2241, the Criminal Justice Act, 18 U.S.C. § 3006A, and the All Writs Act, 28 U.S.C. § 1651."). A secret transfer of Petitioner Al Darbi would certainly frustrate this right. As this Court has held, "[t]ransfer or removal without notice to either counsel or petitioner could, and almost certainly would, interfere with attorney-client communication and counsel's ability to represent the clients' legitimate interests before this court." *Said*, dkt. no. 41 at 4-5.

Public policy also favors the requirement of thirty days' advance notice. Petitioners' claims involve Due Process rights that would be protected by such notice, and "it is always in the public interest to prevent the violation of a party's constitutional rights." *See Abdah v. Bush*, No. 04-1254 (HHK), slip op. at 12 (D.D.C. Mar. 29, 2005) (dkt. no. 146) (citing *G & V Lounge, Inc. v. Mich. Liquor Control Comm'n*, 23 F.3d 1071, 1079 (6th Cir. 1994)).

## II.  THE REQUESTED RELIEF IS MINIMALLY BURDENSOME AND HAS BEEN ORDERED IN NUMEROUS OTHER CASES

Judges of this Court have found that the requested thirty days' advance notice is "a concrete, narrow, and minimally burdensome remedy." *Al-Joudi v. Bush*, No. 05-301 (GK), slip op. at 15 (D.D.C. Apr. 4, 2005) (dkt. no. 20). Indeed, "[t]he requested relief does not constitute even a minimal burden on the Government; at most, it would require the Government to file a few pieces of paper." *Id.* at 14. The minimal burden placed upon the government by such an order is vastly outweighed by the severe burden that a secret transfer would impose upon this Court's ability to preserve its jurisdiction over Petitioners' claims and upon Petitioner Al Darbi's access to his attorneys. Respondents have declared publicly and in other Guantánamo-related cases their belief that they may unilaterally transfer detainees to other countries or military

installations without notice to the Court or counsel, effectively thwarting the detainees' legal representation. *See, e.g.,* David Johnston; *Judge Limits the Transfer of 13 From Guantanamo*, N.Y. Times, March 30, 2005, at A1 (referring to "the administration's core legal contention that it has unbridled power to detain and transfer prisoners in the campaign against terror without court reviews") (attached as Ex. A); Scott Shane, *Judge Bars U.S. From Moving Some Detainees*, N.Y. Times, March 13, 2005, at A1 (attached as Ex. B); Jane Mayer, *Outsourcing Torture: The secret history of America's "extraordinary rendition" program*, The New Yorker, Feb. 14, 2005, at 106 (attached as Ex. C). Indeed, Respondents have already imposed unreasonable restraints upon the relationship between Petitioner Al Darbi and his attorneys. *See* Am. Pet. ¶¶ 100-102. In light of Respondents' ongoing policy of employing secret, *incommunicado* "renditions" to transfer hundreds of detainees to often unknown locations, there exists an imminent and severe danger of harm to this Court, to Petitioner Al Darbi, and to undersigned counsel if the requested relief is not granted.

This Court has previously granted nearly identical motions brought by other Guantánamo detainees. In so ruling, this Court has found that Guantánamo detainees have reason to fear that they will be transferred without notice to the Court or their attorneys. For example, in granting a similar motion for thirty days' advance notice, Judge Roberts held:

> Petitioners' fears do not appear fanciful. . . . respondents concede
> that they have transferred custody of many Guantanamo detainees
> to foreign sovereigns and assert that such transfer divests this court
> of jurisdiction over pending habeas corpus petitions. . . .

*El-Banna*, dkt. no. 141 at 4.

Petitioners respectfully request that this Court apply the same reasoning in the instant case, and issue an order requiring Respondents to provide this Court, Petitioners, and undersigned counsel with thirty days' advance written notice of any transfer of Petitioner Al

5

Darbi. *See, e.g., Alsaaei v. Bush*, No. 05- 2369 (RWR), slip op. at 7 (D.D.C. Aug. 14, 2006) (dkt. no. 22) (ordering that "Respondents … shall provide this court and petitioners or any counsel representing them with thirty days' advance written notice of any transfer or removal of the detained petitioner from United States custody at Guantanamo Bay."); *Razakah v. Bush*, No. 05-2370 (EGS), slip op. at 2-3 (D.D.C. Aug. 17, 2006) (dkt. no. 36) (same); *see also Ameziane v. Bush*, No. 05-392 (ESH), slip op. at 3 (D.D.C. Apr. 12, 2005) (dkt. no. 12) ("the Court concludes that petitioners must be given notice of a potential transfer in a limited type of circumstance. In particular, if respondents have not reached a diplomatic understanding with the transferee country that a petitioner's transfer from Guantanamo is for release only, respondents must provide that petitioner's counsel with thirty days advance notice of the proposed transfer").[1]

Significantly, the majority of motions for thirty days' notice in prior cases included a much more burdensome request of injunctive relief against the removal of a detainee. *See, e.g., Razakah*, No. 05- 2370, at 7-10 (dkt. no. 29); *Alsaaei*, No. 05-2369, at 10-13 (dkt. no. 5); *Attash v. Bush*, No. 05-1592 (RCL), at 1-2 (D.D.C. Aug. 10, 2005) (requesting "temporary restraining order and preliminary injunction" and an order "barring his removal from Guantánamo until this Court has ruled on his motion for a preliminary injunction"). The instant motion, however, seeks the far less onerous remedy of mere *notice* of any transfer or removal, which even courts denying an injunction on transfer have ruled a reasonable remedy *See Deghayes v. Bush*, No. 04-2215 (RMC), slip op. at 9-10 (D.D.C. June 15, 2005) (denying Petitioners' request for preliminary

---

[1]   This Court has also ordered respondents to provide thirty days' advance notice of any transfer or removal of petitioners in numerous other Guantánamo detainee cases. *See, e.g., Hamoud v. Bush*, No. 05 -1894 (RWR), 2006 WL 1876947, at *3, (D.D.C. July 5, 2006) (dkt. no. 23); *Slahi v. Bush*, No. 05-881 (RWR), slip op. at 4 (D.D.C. June 16, 2005) (dkt. no. 5); *Adem v. Bush*, No. 05-723 (RWR), slip op. at 4 (D.D.C. June 6, 2005) (dkt. no. 13); *Al Daini v. Bush*, No. 05-634 (RWR), slip op. at 4 (D.D.C. June 6, 2005) (dkt. no. 10).

injunction but requiring notice to the Courts of any decision to transfer a particular individual to his home country).

## CONCLUSION

For the reasons stated above, Petitioners respectfully requests that the motion be granted.

Dated: September 11, 2006

Respectfully submitted,

SIMPSON THACHER & BARTLETT LLP

/s/ Paul C. Curnin
Paul C. Curnin
Veronica Vela
Karen E. Abravanel
Nathaniel I. Kolodny
425 Lexington Avenue
New York, New York 10017
(212) 455-2000

Attorneys for Petitioners

*Of Counsel*:

Barbara J. Olshansky (NY0057)
Gitanjali S. Gutierrez
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6439
Fax: (212) 614-6499

PREVIOUSLY FILED WITH CSO
AND CLEARED FOR PUBLIC FILING

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AHMED AL DARBI, *et al.*, <br><br> *Petitioners,* <br><br> v. <br><br> GEORGE W. BUSH, *et al.*, <br><br> *Respondents.* | Civil Action No. 05-CV-2371 (RCL) |

**[PROPOSED] ORDER**

Having considered Petitioners' Motion for an Order Requiring Respondents to Provide Counsel Thirty Days' Advance Written Notice of Any Intended Transfer or Removal of Petitioner Ahmad Mohammad Al Darbi, Respondents' opposition thereto, and any reply, as well as the entire record in this case, and it appearing that good cause exists for granting Petitioners' motion, it is hereby

ORDERED that the Motion is GRANTED. Respondents, their agents, servants, employees, and any persons acting in concert or participation with them, or having actual or implicit knowledge of this Order by personal service or otherwise, shall provide this court, Petitioners, and any counsel representing with them thirty days' advance written notice of any transfer or removal of Petitioner Al Darbi from United States custody at Guantanamo Bay.

SO ORDERED this ___ day of September, 2006.



ROYCE C. LAMBERTH
United States District Judge