PREVIOUSLY FILED WITH CSO
AND CLEARED FOR PUBLIC FILING

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AHMED AL DARBI, *et al.,*<br><br>              *Petitioners,*<br><br>              v.<br><br>GEORGE W. BUSH, *et al.*,<br><br>              *Respondents.* | Civil Action No. 05-CV-2371 (RCL) |

## MOTION FOR ORDER REQUIRING RESPONDENTS TO PROVIDE COUNSEL FOR PETITIONER AND THE COURT WITH FACTUAL RETURNS

Petitioner Ahmad Mohammad Al Darbi ("Al Darbi"), acting through his Next Friend, Ali Mohammad Al Darbi ("Ali Al Darbi') (collectively "Petitioners"), respectfully moves this Court to issue a writ of habeas corpus, pursuant to 28 U.S.C. § 2243, or an order to show cause why a writ of habeas corpus should not be issued.  Respondents have had sufficient time to determine the grounds for their ongoing detention of Petitioner Al Darbi; they have maintained complete control over Petitioner Al Darbi and any evidence they have against him for nearly five years.  Accordingly, this Court should now require Respondents to state the grounds for Petitioner Al Darbi's detention by providing his factual return to Petitioners' counsel within twenty days of any order granting the instant motion.  As described below, this Court has ordered such relief in numerous cases of identically-situated detainees at the Guantánamo Bay Naval Station, Guantánamo Bay, Cuba ("Guantánamo").

## BACKGROUND AND PROCEDURAL HISTORY

Petitioner Al Darbi is a prisoner at Camp Delta, Guantánamo.  He has been detained by the United States for over four years, during which time he has been held virtually *incommunicado*.

On December 12, 2005, Petitioner Al Darbi, through his Next Friend Mohammed Mohammed Hassen, filed a Petition for Writ of Habeas Corpus (dkt. no. 1) (the "Petition"). The Petition challenged Petitioner Al Darbi's indefinite incarceration without charge as well as the inhumane treatment he has suffered in detention, in violation of the Constitution and laws of the United States, the Uniform Code of Military Justice, certain treaties to which the United States is a party, and several principles of international law.  *See* Pet. ¶¶ 49-109.  On June 20, 2006, Petitioners filed an Amended Petition for Writ of Habeas Corpus (dkt. no. 9) (the "Amended Petition"), which maintains the same legal claims as the Petition but substitutes Petitioner Ali Al Darbi as Petitioner Al Darbi's Next Friend.  *See* Am. Pet. ¶ 5.

On July 3, 2006, this Court entered the Protective Order (dkt. no. 12), which enables Petitioners' counsel to communicate with and visit Petitioner Al Darbi as his attorneys.  On July 8, 2006, Petitioners' counsel met with Petitioner Al Darbi at Guantánamo for the first time.  Petitioners' counsel have scheduled a second visit with Petitioner Al Darbi on September 13 and 14, 2006.

## ARGUMENT

This Court should order Respondents to file a factual return for Petitioner Al Darbi without further delay.  Pursuant to 28 U.S.C. § 2243, "a court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled hereto."  Respondents have had nearly five years to compile the information contained in Petitioner Al Darbi's factual return – especially since, in clear violation of his rights, Respondents have not been limited in their treatment of Petitioner Al Darbi by the rights afforded to virtually every other federal prisoner.  For example: (1) Respondents have had unfettered access to Petitioner Al Darbi for the purpose of interrogation; (2) Respondents have had access to any documentary evidence

obtained without the requirements of probable cause or warrant; and (3) Respondents have not been required to cooperate with or disclose findings to Petitioners' counsel.

Access to Petitioner Al Darbi's factual return is critical to counsel's ability to represent Petitioners properly and to present the habeas petition to the Court. To provide Petitioners with meaningful legal advice, Petitioners' counsel need, and are entitled to know without delay, the evidence which allegedly supports the extended detention of Petitioner Al Darbi in a United States military facility thousands of miles away from his home. Accordingly, to minimize the prejudice accruing to Petitioners while they are being denied this information, this Court should require Respondents to provide Petitioners' counsel with Petitioner Al Darbi's full factual return within twenty days of entry of any order granting the instant motion. *See* 28 U.S.C. § 2243 (establishing twenty-day maximum limit).

### A. Petitioner Al Darbi's Factual Return is Critical to Counsel's Effective Legal Representation of Petitioners

This Court recognized Petitioner Al Darbi's right to effective legal representation by entering the Protective Order, which sets forth the parameters and protections of Petitioner Al Darbi's relationship with his counsel. This Court has also acknowledged that Petitioners' counsel cannot effectively represent their clients without access to the information provided in Petitioner Al Darbi's factual return. As Judge Bates has observed, "the factual returns appear necessary for petitioners' counsel effectively to represent petitioners," and "even initial conversations by counsel with their clients may be very difficult without access to that basic factual information." *Al-Anazi v. Bush*, 370 F. Supp. 2d 188, 199-200 (D.D.C. 2005); *see also Al-Ghizzawi v. Bush*, No. 05-CV-2378 (JDB), (D.D.C. Aug. 9, 2006) (ordering Respondents to produce factual returns); *El-Banna*, 04-CV-1144 (RWR), slip op. at 7 (D.D.C. Apr. 8, 2005) (ordering Respondents to produce factual returns 30 days after entry of the Protective Order); *Errachidi v. Bush*, No. 05-CV-0640 (EGS), minute order (D.D.C. Apr. 21, 2005) (same).

Indeed, as Judge Kennedy recently held, "the opportunity for counsel to review the factual return prior to meeting with [Petitioner] is of significant value to the attorney-client relationship on which our adversary system of justice relies heavily." *Alsaaei v. Bush*, No. 05-2369 (RWR) (HHK), slip op. at 2 (D.D.C. Aug. 30, 2005) (dkt. no. 25). Yet, in a few short days from this writing, Petitioners' counsel will meet with Petitioner Al Darbi at Guantánamo for the second time without the benefit of knowing the circumstances of his detention, or even whether he has officially been declared an "enemy combatant." As this Court is well aware, "the security and language issues involved in this matter make the logistics of the attorney-client meetings difficult and expensive, requiring advanced planning and commitment of funds." *Id.* Petitioners' counsel "should be able to review the returns now so that they can develop their case and prepare for any consultation" with their client. *See Tumani v. Bush*, No. 05-CV-0526 (RMU) slip op. at 2 (D.D.C. Apr. 19, 2005) (dkt. no. 6). Petitioners' counsel also require prompt disclosure of the factual returns to curb the inevitable consequences of delay such as the deterioration of witness memories and documentary evidence.

**B.     The Burden on Respondents is Minimal**

Producing Petitioner Al Darbi's factual return imposes only a minimal burden on Respondents. In every Guantánamo detainee case in which Respondents have been ordered to produce a factual return, the return has consisted of the record of proceedings before the detainee's Combatant Status Review Tribunal ("CSRT"). By July 2005, a CSRT was conducted for every prisoner in United States custody at Guantánamo. *See* Jennifer K. Elsea, Leg. Atty., Am. Law Div., CRS Report for Congress: Detainee at Guantánamo Bay (July 20, 2005), at 2, available at http://www.fas.org/sgp/crs/natsec/ RS22173.pdf. Thus, the CSRT record for Petitioner Al Darbi already exists, and classification decisions regarding the information contained in the record of these proceedings were made before the proceedings

began. *See, e.g.,* Mem. from Bree A. Ermintrout to Director, CSRT, Jan. 18, 2005, filed in connection with the Factual Return for Petitioner Abdulsalam Ali Abdulrahman Al-Hela, *Al Hela v. Bush*, 05-CV-01048 (RMU) (D.D.C. June 15, 2005) (attached as Ex. A).  Further, the entirety of the proceedings underwent legal review upon their completion.  *Id*.  The only burden at this point should consist of producing photocopies for Petitioners' counsel.

In fact, a sampling of unclassified CSRT files for about 60 Guantánamo detainees are publicly available on the Internet as a result of a successful lawsuit by the Associated Press under the Freedom of Information Act (FOIA).  *See* http://wid.ap.org/documents/detainees/list.html.[1]  Although Petitioner Al Darbi's file is not included among these files (for unknown reasons), a cursory review of the files shows that the United States Government maintains organized factual files that can be produced quickly and easily.  It defies reason that such files can be produced to the Associated Press, but not to Petitioner's counsel.

Moreover, enforcing the statutory twenty-day deadline for the production of Petitioner Al Darbi's factual return would pose no additional hardship on Respondents.  Respondents have provided factual returns in many other Guantánamo habeas cases, and they continue to do so under this Court's show-cause orders.[2]  Judges of this Court have routinely rejected any

---

[1]  In March and April 2006, the Department of Defense produced thousands of pages of additional unclassified detainee testimony before the CSRT and the Administrative Review Board (ARB).  See http://www.dod.mil/pubs/foi/detainees/csrt/index.html.

[2]  *See, e.g., Alsaaei v. Bush*, No. 05-CV-2369 (RWR) (D.D.C. Aug. 14, 2006)(dkt. no. 25); *Al-Ghizzawi v. Bush,* No. 05-CV-2378 (JDB) (D.D.C. Aug. 9, 2006) (dkt. no. 23); *Hatim v. Bush,* No. 05-CV-1429 (RMU) (D.D.C. Aug. 22, 2005) (dkt. no. 16); *Al-Hela v. Bush,* No. 05-CV-1048 (RMU) (D.D.C. June 9, 2005); *Al-Mohammed v. Bush,* No. 05-CV-0247 (HHK) (D.D.C. Apr. 30, 2005) (dkt no. 18); *Al Shamri v. Bush*, 05-CV-0551 (RWR) (D.D.C. May 10, 2005)(dkt. no. 10); *Kurnaz v. Bush*, No. 04-CV-0280 (GK) (D.D.C Apr. 29, 2005) (dkt. no. 35); *Al-Anazi v. Bush,* No. 05-C-0345 (JDB) (D.D.C. Apr. 21, 2005) (dkt. no. 22); *Errachidi v. Bush,* No. 05-CV-0640 (EGS) (D.D.C. Apr. 21, 2005) (undocketed minute order); *Tumani v. Bush*, No. 05-CV-0526 (RMU) (D.D.C. Apr. 19, 2005); *Al-Oshan v. Bush*, No. 05-CV-0520 (RMU) (Apr. 7, 2005);  *El Mashad v. Bush*, No. 05-CV-0270 (JR) (D.D.C. Apr. 7, 2005) (dkt. no. 29); *Al Wazan v. Bush*, No. 05-CV-0329 (PLF) (D.D.C. Mar. 23, 2005) (dkt. no. 15).

claims regarding the burden of producing the factual return. *See, e.g. Tumani,* No. 05-CV-0526, at 2 (dkt. 6) ("[T]he government's generic references to the expenditures of its resources and logistical burden does not persuade the court to delay ordering the returns; the court is confident that the government can handle this task."). Indeed, when ordered to do so, Respondents have produced factual returns in as little as five days. *See, e.g., Errachidi v. Bush*, No. 05-CV-0640 (EGS) slip. op. (D.D.C. Apr. 26, 2005) (dkt. nos. 15-16) (factual return filed within five days of Court's order); *Abdullah v. Bush*, 05-CV-0023 (RWR) slip. op. at 7 (D.D.C. Apr. 8, 2005) (dkt. nos. 24-26) (factual return filed within seven days of Court's order).

### C.  This Court Has Ordered Respondents To File A Factual Return in Similar Cases

Other judges of this Court have consistently ordered Respondents to show cause and file a factual return, often ruling *sua sponte*. *See supra* n. 2; *cf. Attash v. Bush*, 05-CV-1592 (RCL) (D.D.C. Sept. 1, 2005) (dkt. no. 12). The statutory provision provides that the writ, or order to show cause, shall be returned within three days; additional time is allowed for good cause, not to exceed twenty days. *See* 28 U.S.C. § 2243. Petitioners request that this Court order Respondents to file a factual return within twenty days, in compliance with the provisions of 28 U.S.C. § 2243, so that Petitioners' counsel may begin to address the interests of Petitioner Al Darbi. "The writ of habeas corpus, challenging illegality of detention, is reduced to sham if the trial courts do not act within a reasonable time." *Jones v. Shell*, 572 F.2d 1278, 1280 (8th Cir. 1978).

### CONCLUSION

For the foregoing reasons, Petitioners' motion should be granted, and Respondents should be required to produce Petitioner Al Darbi's factual return within twenty days of any order granting the instant motion forthwith.

Dated: New York, New York
September 12, 2006

                                          Respectfully submitted,

SIMPSON THACHER & BARTLETT LLP
/s/ Paul C. Curnin
Veronica Vela
Karen E. Abravanel
Nathaniel I. Kolodny
425 Lexington Avenue
New York, New York 10017
Tel: (212) 455-2000
Fax: (212) 455-2502

Attorneys for Petitioner Ahmad Al Darbi

*Of Counsel:*

Barbara Olshansky (NY0057)
Gitanjali S. Gutierrez
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6439
Fax: (212) 614-6499