PREVIOUSLY FILED WITH CSO AND
CLEARED FOR PUBLIC FILING

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AHMED AL DARBY, *et al.*, <br><br> *Petitioners,* <br><br> v. <br><br> GEORGE W. BUSH, *et al.*, <br><br> *Respondents.* | ) ) ) ) ) ) ) ) Civil Action No. 05-CV-2371 (RCL) ) ) ) ) ) ) ) |

**REPLY BRIEF IN SUPPORT OF PETITIONERS' MOTION FOR ORDER REQUIRING
RESPONDENTS TO PROVIDE THIRTY DAYS' ADVANCE WRITTEN NOTICE OF
ANY INTENDED REMOVAL OF PETITIONER AHMAD MOHAMMAD AL DARBI
<u>FROM GUANTÁNAMO BAY, CUBA</u>**

Respondents' opposition brief fails to address the relief sought by Petitioners: thirty-days' advance notice of any transfer or release of Petitioner Al Darbi from Guantánamo Bay, Cuba. Respondents argue that this Court does not have jurisdiction over the instant motion, but that argument is meritless. Respondents further argue that Petitioners fail to meet the standard for a preliminary injunction to prevent removal from Guantánamo—a remedy Petitioners do not seek, but one to which they are nonetheless entitled.

**I.   RESPONDENTS' ASSERTION THAT THE DTA DIVESTS THIS COURT
     OF JURISDICTION SHOULD BE REJECTED**

As in every other brief that they have filed since January 2006, Respondents argue that Section 1005(e) (1) of the Detainee Treatment Act ("DTA") deprives this Court of jurisdiction. Respondents also maintain that the recent Supreme Court decision in *Hamdan v. Rumsfeld* did not resolve the issue of this Court's jurisdiction. But, the Supreme Court in *Hamdan* explicitly rejected Respondents' contention, ruling that the DTA "does not strip federal courts' jurisdiction

over [petitions for *habeas corpus*] pending on the date of the DTA's enactment." 126 S. Ct. 2479, 2769 n.15 (2006). Nevertheless, Respondents continue to argue that this Court lacks jurisdiction over this Petition, relying on a footnote in *Hamdan*, in which the Court expressly withholds a view of whether challenges to final decisions of the Combatant Status Review Tribunal ("CSRT") should be reviewed only in the District of Columbia Circuit, as originally set forth under sections 1005 (e)(2) and (e)(3) of the DTA. *Id.* at 2769 n. 14.

Even if *Hamdan* had made a clear ruling on the jurisdiction of challenges to CSRT decisions, Respondents' argument is without merit. Petitioner Al Darbi has not been granted a hearing by military commission, and thus there has been no decision of any military commission for Petitioners to appeal. Therefore, section 1005(e)(3) of the DTA, which creates exclusive review of military commission decisions, has no bearing on the instant motion. More important, Petitioners do not contest a final decision of a CSRT.[1] Instead, Petitioners here challenge the fundamental legitimacy of the CSRTs.[2] Petitioners also assert numerous additional causes of action in their *habeas* petition, under numerous provisions including: United States statutory and constitutional law, the Geneva Conventions and customary international humanitarian and human rights law.[3] Am. Pet. ¶¶ 51-111. This case is a *habeas* challenge, which is neither a

---

[1]   Even if Petitioners desired to make the CSRT ruling the focus of his challenge before this Court, they cannot formally challenge Petitioner Al Darbi's CSRT determination because undersigned counsel have not been provided access to Petitioner Al Darbi's factual return and thus cannot know definitively whether or not the CSRT has determined that Petitioner Al Darbi is an enemy combatant.

[2]   The Petitioner in *Hamdan* challenged the legitimacy of the military commissions. Respondents concede that such claims did not fall within the exclusive review provisions of the DTA "because [Hamdan's] challenge did not involve a final decision of a military commission within the exclusive jurisdiction of the Court of Appeals under § 1005 (e)(3)." Respts' Opp. at 2.

[3]   In addition to the writ of *habeas corpus*, Petitioners seek declaratory and injunctive relief for allegations including, *inter alia*: (1) Petitioner Al Darbi is not properly detained

challenge to a final decision of a military commission nor a challenge to a decision of a CSRT, and as the Supreme Court clearly stated in *Hamdan*, it is not subject to the exclusive review requirements of the DTA.  126 S. Ct. at 2768-69.

In addition, in the months following the decision in *Hamdan*, this Court has acknowledged on several occasions that the *Hamdan* decision validates this Court's assertion of jurisdiction over *habeas* challenges brought by Guantánamo detainees.  By Order dated July 3, 2006, Your Honor entered the Protective Order in the instant case, expressly recognizing Petitioner Al Darbi's right to confer with undersigned counsel in connection with his *habeas* challenge.  (dkt. no. 12); *see also Al Subaie v. Bush*, No. 05-2216 (RCL), Order at 1 (D.D.C. Sept. 28, 2006) (dkt. no. 42) (entering the Protective Order).  Similarly, in a July 5, 2006 Order, Judge Roberts concluded that "the [*Hamdan*] Court made clear that this court retains jurisdiction over this habeas corpus petition."  *Hamoud v. Bush,* 05-CV-1894 (RWR) (dkt. no. 23) (Ex. A at 1 n. 1).  Finally, Respondents implicitly acknowledged and consented to the continued jurisdiction of this Court over this case and other Guantánamo detainee cases by filing their recent Motion for Procedures Relating to Review of Certain Detainee Materials. (dkt. no. 13).

---

    subject to President Bush's authority as Commander in Chief, under the laws and usages of war, or Joint Resolution 23, Authorization for use of Military Force, Publ. L. No. 007-40, 115 Stat. 224 (Sept. 18, 2001) ("AUMF"); (2) the Executive Order issued by President Bush, 66 Fed. Reg. 57, 833 § 2 (Nov. 13, 2001), was not authorized by Congress and is beyond the scope of the Joint Resolution; (3) Petitioner Al Darbi has been denied the process due to him under the common law and the Due Process Clause of the Fifth Amendment, domestic civil and military law, and international law; and (4) the conditions of Petitioner Al Darbi's confinement at Guantanamo violate the Constitution, United States Military regulations, the Geneva Convention and other international laws. Am. Pet. ¶¶ 51-111

## II. RESPONDENTS' ARGUMENTS REGARDING THE PRELIMINARY INJUNCTION STANDARD ARE IRRELEVANT TO THIS MOTION

Respondents argue at length that Petitioner Al Darbi seeks a preliminary injunction to prevent his removal from Guantánamo.  But, Petitioners request only thirty-days' written notice if Respondents intend to remove Petitioner Al Darbi from Guantánamo.  Such notice is necessary to maintain this Court's jurisdiction over Petitioners' *habeas* challenge and to protect Petitioner Al Darbi's relationship with his counsel.  Petrs.' Br. at 1.

Respondents recycle arguments they have presented in numerous other Guantánamo-related cases where Petitioners did in fact seek to prevent removal from Guantánamo.  Respondents assert that Petitioners' request is "ironic" given that "[t]he ultimate relief sought by petitioners in this habeas case is obviously release from custody."  But the application before this Court clearly states that Petitioners do not seek proactively to block or delay any release of Petitioner Al Darbi.  Respts.' Opp. at 11.  Petitioners' Motion expressly states: "[t]he instant motion . . . seeks the far less onerous remedy [as opposed to a preliminary injunction] of mere *notice* of any transfer or removal, which even courts denying an injunction on transfer have ruled a reasonable remedy."  Petrs.' Br. at 5.  Petitioner Al Darbi thus seeks a minimal, reasonable, and unobtrusive form of relief: he wants his lawyers to know his whereabouts and he wants to preserve his claims in this Court.  *See El- Banna v. Bush,* No. 04-CV-1144 (RWR), slip op. at 4 (D.D.C. Apr. 8, 2005) (dkt. no. 141) (finding that transfer of detainees to other sovereigns and other locations "would improperly subvert the court's ability to adjudicate these actions on their merits.") (citing *Rasul v. Bush,* 542 U.S. 466, 483 (2004)) (Ex. B at 4).

Although Petitioners do not waive their right to seek emergency injunctive relief should they learn that Petitioner Al Darbi is to be transferred into the custody of a country where he has a reasonable fear of abuse, "speculation about future requests is no justification for denying the

narrow relief requested." *Al-Joudi v. Bush*, No. 05-301 (GK), 2005 WL 774847, at *5 n.12 (D.D.C. Apr. 4, 2005). The issuance of orders under the All Writs Act does not require the Court to apply the test for an award of injunctive relief. *See Clinton v. Goldsmith*, 526 U.S. 529, 537 (1999) (order under the All Writs Act appropriate when alternative remedies unavailable); *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1101 n.13 (11th Cir. 2004) (All Writs Act may be employed when "the traditional requirements of an injunction" are inapplicable). Rather, a court may grant a writ under the All Writs Act whenever it determines such action necessary "to achieve the ends of justice entrusted to it." *Adams v. United States*, 317 U.S. 269, 273 (1942). Thus, the Court has broad latitude in fashioning the requested relief according to the demands of justice.

Therefore, in order for undersigned counsel to represent their client effectively and advocate his legal interests, and in order for this Court to exercise its duty in adjudicating his claims, undersigned counsel and the Court must at minimum receive advance notice of any movement of Petitioner Al Darbi out of Guantánamo. Petitioners do not presently request a preliminary injunction, and do not intend to oppose or delay any intended release to Saudi Arabia, but should Respondents choose to remove Petitioner Al Darbi to a third country where he would likely be tortured and held without due process of law, Petitioners and this Court clearly deserve advance notice and an opportunity to pass upon the matter.

Nonetheless, Petitioners do meet the standard that Respondents wish to impose upon them. Providing advance notice, even where an injunction was requested, has been determined by other judges of this Court to be a "concrete, narrow and minimally burdensome" relief,

6

requiring that the Government "file a few pieces of paper." *Al Joudi,* 2005 WL 774847, at *5. [4] Further, this Court has found that the minimal burden on the Government "does not outweigh the imminent threats of indefinite detention, potential torture, and the elimination of Petitioners' claims before this Court." *Id.* In contrast, Petitioners have a legitimate fear of human rights violations if Petitioner Al Darbi is transferred from Guantánamo to any country other than his home country.

Respondents offer recycled and outdated declarations concerning the government's general policy on extradition procedures. The facts however, show that the risk of transfer without notice is real and that Petitioners have valid concerns that such a transfer may subject Petitioner Al Darbi to irreparable harm. Respondents have a record of rendering Guantánamo detainees to other countries or secrete interrogation facilities without any notice to counsel or the court. *See* Neil A. Lewis, *Freed From Guantánamo but Stranded Far From Home*, N.Y. Times, Aug. 15, 2006, at A15 (discussing the sudden transfer of Uighur detainees to Albania while their counsel were negotiating for resettlement in Canada, and effectively mooting a pending appeal; counsel "learned of the transfer only after it happened, and he went to Tirana [to locate the clients] that Monday") (Ex. D); Jess Bravin, *Bush Confirms Existence of Secret CIA Prisons*, Wall St. J., Sept. 7, 2006, at A3 (discussing the widespread use by Respondents of secret interrogation facilities abroad) (Ex. E). Even when the Department of Defense does reveal the transfer or release of detainees, it issues a press release after the fact, which does not reveal names or any other identifying information relating to the transferred detainees. *See, e.g.*, Detainee Transfer Announced, Press Release 905-06, dated September 14, 2006, available at

---

[4] Respondents have acted in accordance with a preliminary injunction in other cases. For example, Petitioner Turkestani and his counsel received prior notice of transfer pursuant to the Preliminary Injunction in *Kiyemba*, and provided their consent. *See Kiyemba v. Bush*, 05-CV-1509 (RMU) (D.D.C. June 27, 2006) (dkt. no. 59) (Ex. C).

http://www.defenselink.mil/Releases/Release.aspx?ReleaseID=9960 (announcing transfer of two detainees to Kuwait and stating that 130 detainees remain who have been deemed eligible for release or transfer from Guantánamo) (Ex. F).  This Court should not allow such practices to continue.  The Supreme Court spoke in a clear voice in *Hamdan*, and Respondents should be prevented from taking such unilateral actions in clear violation of the law.  *See Abu Ali v. Ashcroft*, 350 F. Supp. 2d 28, 54 (D.D.C. 2004) ("[Courts] *should* take such action as will defeat attempts to wrongfully deprive parties entitled to sue in the federal courts for the protection of their rights in those tribunals.") (quoting *Alabama Great S.R. Co. v. Thompson*, 200 U.S. 206, 218 (1906)); *Landis v. N. Am. Co.*, 299 U.S. 248, 256 (1936) (courts must "guard against depriving the processes of justice of their suppleness of adaptation to varying conditions").

      Petitioners have raised questions as to the merits that are fair grounds for litigation, and they are likely to succeed on their merits of their claims.  This Court has recognized that similarly-situated detainees at Guantánamo have stated valid claims under the Due Process Clause and the Third Geneva Convention.  *In re Guantanamo Detainee Cases*, 355 F. Supp. 2d 443, 481 (D.D.C. 2005).  Further, Petitioners have properly invoked the *habeas* jurisdiction of this Court pursuant to *Rasul v. Bush*, 542 U.S. 466, 483 (2004), and have shown a likelihood that Petitioner Al Darbi may be removed from Guantánamo.

      Finally, public policy favors the requirement of thirty-days' advance notice.  Petitioners claim Due Process rights that will be protected by such notice, and "it is always in the public interest to prevent the violation of a party's constitutional rights." *See Abdah v. Bush*, No. 04-CV-1254 (HHK), slip op. at 12 (D.D.C. Mar. 29, 2005) (dkt. no. 146) (citing *G & V Lounge, Inc. v. Mich. Liquor Control Comm'n,* 23 F.3d 1071, 1079 (6th Cir. 1994).  Petitioner Al Darbi's involuntarily removal from Guantánamo threatens Petitioners' right to adjudicate their *habeas*

claims in this Court, whose jurisdiction Petitioners have properly invoked. *Rasul v. Bush,* 542 U.S. 466, 483 (2004)). Thus, this Court should act to preserve its own jurisdiction and Petitioner Al Darbi's ability to confer with and receive proper representation from his counsel by granting Petitioners' Motion.

## CONCLUSION

For the reasons stated above, Petitioners respectfully request that Petitioners' motion be granted.

Dated: September 29, 2006

Respectfully submitted,

SIMPSON THACHER & BARTLETT LLP

/s/ Paul C. Curnin
Paul C. Curnin
Veronica Vela
Karen E. Abravanel
Nathaniel I. Kolodny
425 Lexington Avenue
New York, New York 10017
(212) 455-2000

Attorneys for Petitioners

*Of Counsel*:

Barbara J. Olshansky (NY0057)
Gitanjali S. Gutierrez
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6439
Fax: (212) 614-6499