PREVIOUSLY FILED WITH CSO AND
CLEARED FOR PUBLIC FILING

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AHMED AL DARBY, *et al.,* | ) |
| | ) |
| | ) |
| *Petitioners,* | ) |
| | ) |
| | ) |
| v. | )   Civil Action No. 05-CV-2371 (RCL) |
| | ) |
| GEORGE W. BUSH, *et al.,* | ) |
| | ) |
| | ) |
| *Respondents.* | ) |
| | ) |
| | ) |

## REPLY BRIEF IN SUPPORT OF PETITIONERS' MOTION FOR ORDER REQUIRING RESPONDENTS TO PROVIDE COUNSEL FOR PETITIONERS AND THE COURT WITH FACTUAL RETURN

Respondents fail to show why they cannot provide Petitioners' counsel and this Court with the factual return detailing the grounds for Petitioner Al Darbi's continued detention at Guantánamo Bay, Cuba. Respondents simply repeat the arguments that the Detainee Treatment Act of 2005 ("DTA")[1] strips this Court of jurisdiction over this case and that providing the factual return is burdensome. These same arguments have been rejected in numerous other cases of similarly-situated Guantánamo detainees by judges of this Court. Petitioners respectfully request that this Court grant the instant motion and order the production of Petitioner Al Darbi's factual return within twenty days of an appropriate Order.

---

[1]      Pub. L. 109-148, 119 Stat. 2680.

## I.    RESPONDENTS' ASSERTION THAT THE DTA DIVESTS THIS COURT OF JURISDICTION SHOULD BE REJECTED

Respondents once again argue that Section 1005(e) (1) of the DTA deprives this Court of jurisdiction.  However, the recent Supreme Court decision, *Hamdan v. Rumsfeld*, explicitly rejects this contention, ruling that the DTA "does not strip federal courts' jurisdiction over [petitions for *habeas corpus*] pending on the date of the DTA's enactment."  126 S. Ct. 2749, 2769 n.15 (2006).  Nevertheless, Respondents continue to argue that this Court lacks jurisdiction over this Petition, relying on a footnote in *Hamdan*, in which the Court expressly withholds a view of whether challenges to final decisions of the Combatant Status Review Tribunal ("CSRT") should be reviewed only in the District of Columbia Circuit, as originally set forth under sections 1005 (e)(2) and (e)(3) of the DTA.  *Id*. at 2769 n. 14.

Respondents' argument is also meritless because Petitioner Al Darbi has not been granted a hearing by military commission and thus there has been no decision of any military commission for Petitioners to appeal.  Therefore, Section 1005(e)(3) of the DTA, which creates exclusive review of military commission decisions, is irrelevant.  Nor do Petitioners contest a final decision of a CSRT;[2] Petitioners challenge the fundamental legitimacy of the CSRTs.[3] Petitioners also assert numerous additional causes of action in their *habeas* petition, under numerous provisions including United States statutory and constitutional law, the Geneva

---

[2]    Even if Petitioners desired to make the CSRT ruling the focus of his challenge before this Court, they cannot formally challenge Petitioner Al Darbi's CSRT determination because undersigned counsel have not been provided access to Petitioner Al Darbi's factual return and thus cannot know definitively whether or not the CSRT has determined that Petitioner Al Darbi is an enemy combatant.

[3]    The Petitioner in *Hamdan* challenged the legitimacy of the military commissions. Respondents concede that such claims did not fall within the exclusive review provisions of the DTA "because [Hamdan's] challenge did not involve a final decision of a military commission within the exclusive jurisdiction of the Court of Appeals under § 1005 (e)(3)."  Opp'n at 2.

Conventions, and customary international humanitarian and human rights law.  Am. Pet. ¶¶ 51-111.  This is a *habeas* challenge, not a challenge to a final decision of a military commission or a challenge to a decision of a CSRT.  Thus, as the Supreme Court stated in *Hamdan*, it is not subject to the exclusive review requirements of the DTA.  126 S. Ct. at 2768-69.

In addition, in the months following *Hamdan*, this Court has acknowledged on several occasions that *Hamdan* validates this Court's assertion of jurisdiction over *habeas* challenges brought by Guantánamo detainees.  On July 3, 2006, Your Honor entered the Protective Order in the instant case, expressly recognizing Petitioner Al Darbi's right to confer with undersigned counsel in connection with his *habeas* challenge (dkt. no. 12).  Similarly, in a July 5, 2006 Order*,* Judge Roberts concluded that "the [*Hamdan*] Court made clear that this court retains jurisdiction over this habeas corpus petition."  *Hamoud v. Bush,* 05-1894 (RWR) (dkt. no. 23, at 1 n.1).  Finally, Respondents implicitly acknowledged and consented to the continued jurisdiction of this Court over this case and other Guantánamo detainee cases by filing their recent Motion for Procedures Relating to Review of Certain Detainee Materials. (dkt. no. 13).

## II.    RESPONDENTS SHOULD BE REQUIRED TO PRODUCE PETITIONER AL DARBI'S FACTUAL RETURN

The Court should require Respondents to produce Petitioner Al Darbi's factual return immediately, as required by *Rasul v. Bush* and the *habeas* statute.  *See Rasul v. Bush*, 542 U.S. 466, 485 (2004); 28 U.S.C. § 2243, ¶ 1 (the "court entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause.").  Under the *habeas* statute, the writ or order to show cause should be returned within *three days* unless there is good cause shown for additional time, and even then within no more than twenty days.  28 U.S.C. § 2243 ¶ 2.

Respondents argue that the Court should not grant Petitioners' motion because "such action involves the disclosure to counsel of classified information," which is "not without prejudice" to Respondents.  Opp'n at 4.  First, two of Petitioners' attorneys have obtained "Secret" level security clearance after a lengthy and invasive background investigation.  Second, all of Petitioners' attorneys are bound by the Protective Order in this case (dkt. no. 12), which sets forth in great detail the procedures for and restrictions upon counsel's access to information designated as "classified" or "protected."  Indeed, pursuant to an order by Judge Roberts, Petitioners' attorneys have already reviewed both the classified and unclassified versions of the factual return for their other client.  *See Alsaaei v. Bush,* No. 05-2369 (RWR) (Sept. 8, 2006) (dkt no. 26).  Petitioners' attorneys clearly are capable of treating both the classified and unclassified information concerning Petitioner Al Darbi with the required sensitivity and discretion.

Respondents also argue that the preparation of Petitioner Al Darbi's factual return is "not an inconsequential task," and refer to the "logistical burdens" involved in the production of factual returns.  Opp'n at 4.  Yet, Respondents have been in possession of the CSRT findings for Petitioner Al Darby since at least July 2005, when all CSRT hearings were completed.  Since that time, numerous judges of this Court have ordered Respondents to show cause and file a factual return in similar cases under procedurally similar circumstances, and Respondents have continued to comply with these orders.  *See Al Amin v. Bush*, No. 05-2336 (PLF) (Sept. 18, 2006) (dkt. no. 28, at 2) (ordering Respondents to produce factual return within thirty days of Order or within 90 days of conclusion of petitioner's CSRT proceeding); *Alsaaei v. Bush,* No. 05-2369 (RWR) (D.D.C. Aug 14, 2006) (dkt no. 22) (factual return ordered produced within 30

days of Court's order).[4]  Furthermore, on several occasions when this Court ordered Respondents to produce the factual return within seven days, Respondents did so.  *See Alsaaei* (dkt no. 26) (Respondents produced factual return within six business days); *Errachidi v. Bush,* No. 05-640 (EGS) (Apr. 26, 2005) (dkt. nos. 15, 16) (Respondents produced factual return within five days); *Abdullah v. Bush*, No. 05-0023 (RWR) (Apr.15, 2005) (dkt. nos. 25, 26) (same).

Respondents request additional leniency because they "have recently been ordered to produce over a dozen factual returns in other Guantánamo detainee habeas cases by the end of October."  Opp'n at 5 n. 3.  Earlier this year, however, Respondents produced hundreds of factual returns to the Associated Press.  *See* Mot. at 4.  If Respondents can quickly produce such documents to the Associated Press, they can produce Petitioner Al Darbi's factual return.  This Court should continue to reject Respondents' claims regarding the alleged burden of producing the factual return.  *See e.g. Tumani v. Bush*, No. 05-0526 (RMU) (dkt no.6, at 2) ("The government's generic references to the expenditures of its resources and logistical burden does not persuade the court to delay ordering the returns; the court is confident that the government can handle this task.").

There is no reason that the production of the factual return should await the resolution of appeals in other cases.  The Court in *Al-Ghizzawi v. Bush* found that pending appeals did not affect its ability to order the production of the factual return:

> [b]ecause the motion does not approach the merits of petitioner's challenge to the legality of his detention, the Court will rule on the motion without resolving respondents' jurisdictional challenge.  To do otherwise could unnecessarily prejudice petitioner's ability to timely and meaningfully communicate with counsel and advance his claims, given the logistical difficulties and limitations associated with attorney client communications in this unique detention setting.

---

[4]    In addition to those cases set forth in this reply, Courts have ordered the Government to produce factual returns in dozens of cases.  See Mot. n. 2.

*Al –Ghizzawi v. Bush,* No. 05-2378 (JDB), (D.D.C. Aug. 9, 2006) (dkt no. 23, at 3).  In other

cases, this Court required Respondents to provide the factual return "to ensure that the

proceedings can continue in an orderly fashion in the event that the detainees prevail on appeal."

*Kurnaz v. Bush*, No. 04-1135 (ESH), 2005 WL 839542, at *1 (D.D.C. Apr. 12, 2005).  The Court

in those cases recognized that counsel must continue preparing their clients' cases,

notwithstanding any pending appeals that may impact these cases, and that "even initial

conversations by counsel with their clients may be very difficult without access to that basic

factual information."  *Al-Ghizzawi* (dkt. no. 23, at 3) (*citing Al-Ananzi v. Bush*, 370 F. Supp. 2d

188, 200 (D.D.C. 2005).[5]

Therefore, in order for undersigned counsel to advocate their clients' legal interests and

to provide meaningful legal advice, this Court should order Respondents to file Petitioner Al

Darbi's factual return within twenty days, in compliance with the provisions of 28 U.S.C. §

2243.

## CONCLUSION

For the reasons stated above and for the reasons more fully set forth in their Motion,

Petitioners respectfully request that Petitioners' motion be granted.

Dated:  October 9, 2006

---

[5]    Respondents' argument that "a stay of proceedings remains appropriate" is premature, since Respondents have not yet moved for a stay in the instant case.  Should Respondents move for such a stay, however, this Court has frequently ordered the Government to provide petitioners with a factual return notwithstanding an order staying the proceedings.  *See, e.g., Alsaaei v. Bush,* No. 05-2369 (RWR) (Aug. 14, 2006) (dkt. no. 22 at 6); *Rabbani v. Bush,* No. 05-1607 (RMU) (June 16, 2006) (dkt no. 19 at 2) (holding that "[c]oextensive with the district court's inherent power to stay proceedings is the court's power to craft a stay that balances the hardships to the parties) (*citing Landis v. N. Am. Co.,* 299 U.S. 248, 255 (1936)); *see also Al-Mudafari v. Bush,* No. 05-2185 (JR) (Dec. 2, 2005) (dkt. no. 16, at 1); *Idris v. Bush*, No. 05-1555 (JR) (Dec. 2, 2005) (dkt no. 27).

Respectfully submitted,

SIMPSON THACHER & BARTLETT LLP

/s/ Paul C. Curnin
Paul C. Curnin
Veronica Vela
Karen E. Abravanel
Nathaniel I. Kolodny
425 Lexington Avenue
New York, New York 10017
(212) 455-2000

Attorneys for Petitioners


*Of Counsel*:

Barbara J. Olshansky (NY0057)
Gitanjali S. Gutierrez
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6439
Fax: (212) 614-6499