PREVIOUSLY FILED WITH CSO AND
CLEARED FOR PUBLIC FILING

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AHMED AL DARBY, *et al.*, | ) |
| | ) |
| *Petitioners,* | ) |
| | ) |
| v. | ) Civil Action No. 05-CV-2371 (RCL) |
| | ) |
| GEORGE W. BUSH, *et al.*, | ) |
| | ) |
| *Respondents.* | ) |
| | ) |

**PETITIONERS' REPLY BRIEF IN SUPPORT OF
CROSS-MOTION FOR A STAY-AND-ABEY ORDER**

Respondents oppose Petitioners' cross-motion for a stay-and-abey order by stating that

the Court of Appeals' decision in *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007)

("*Boumediene I*"), together with the Supreme Court's denial of *certiorari* in that case, 127 S. Ct.

1478 (2007) ("*Boumediene II*"), automatically "requires dismissal of this case." *See*, *e.g.*,

Resp'ts' Reply and Resp. at 1. Repetition does not make this argument any more convincing.

Respondents fail to address the fact that a majority of the Supreme Court has expressed an

interest in reviewing the continued viability of *habeas corpus* petitions filed by Guantánamo

detainees. Moreover, Respondents all but ignore established precedent providing that this Court

can and should preserve the status quo of Petitioner Al Darbi's *habeas* action—and particularly

the Amended Protective Order entered in this case—to guard against prejudice to Petitioner Al

Darbi. Therefore, this Court should enter an order staying these proceedings and holding them in

abeyance pending Petitioner Al Darbi's exhaustion of his remedies under the Detainee Treatment

Act of 2005, Pub. L. No. 109-148, 119 Stat. 2680 ("DTA"), and pending the Supreme Court's

final resolution of jurisdictional questions raised by the DTA and the Military Commissions Act of 2006, Pub. L. No. 109-366, 120 Stat. 2600 ("MCA").  Alternatively, should this Court determine that it lacks jurisdiction to hear this case, and decline to enter the requested order, then the Court should transfer Petitioners' *habeas* action to the Court of Appeals.  An outright dismissal of this case would serve no purpose other than to prejudice Petitioner Al Darbi's subsequent ability to bring his claims, handicap his exhaustion of remedies under the DTA, and hamper his access to effective legal representation.

**I.    THE SUPREME COURT HAS MADE CLEAR THAT PETITIONERS' *HABEAS* ACTION MAY BE HEARD**

Respondents attempt to stretch beyond reason the two split decisions by the Court of Appeals and the Supreme Court in *Boumediene I* and *Boumediene II*.  Three Supreme Court Justices dissented from the denial of *certiorari* from the Court of Appeals' decision, writing that the questions raised by the action "deserve this Court's immediate attention." *Boumediene II*, 127 S. Ct. at 1479 (Breyer, J., joined by Souter and Ginsburg, JJ., dissenting).  Two more Justices voted to deny *certiorari* "at this time," pending development of what they found to be a necessary record for appropriate evaluation of the MCA's jurisdiction-stripping provision, but made clear that the denial of *certiorari* "does not constitute an expression of any opinion on the merits." *Id.* at 1478 (Statement of Stevens and Kennedy, JJ.).   Accordingly, while these five Justices disputed the appropriate timing for review of the MCA's *habeas*-stripping provision, review of this provision might be appropriate in the future.  Respondents ignore this possibility and only claim that the Court of Appeals' decision *Boumediene I* is "final." *See, e.g.*, Resp'ts' Reply and Resp. at 1.

## II.     THIS ACTION SHOULD BE STAYED PENDING PETITIONER AL DARBI'S EXHAUSTION OF NEW REMEDIES

The remedies that Petitioner Al Darbi has now been directed to exhaust did not exist when this action was filed.  The Supreme Court has held that when plaintiffs fail to exhaust remedies that become available only after filing their cases, those cases should be stayed while the new remedies are exhausted.  For example, the Supreme Court has found that, where a new legal remedy became available only after petitioner brought his action in district court:

> We conclude that in the interests of justice the Court of Appeals, instead of reversing the District Court and ordering the petition to be dismissed, should [have] . . . held the case pending resort to the new remedy. . . .  If the relief is not obtained [under the new remedy] . . . , petitioner will not be put to the time and expense of trying anew the case which he tried when he had no relief other than *habeas corpus*.

*Gusik v. Shilder*, 340 U.S. 128, 133-134 (1950); *see also Whelchel v. McDonald*, 340 U.S. 122 (1950).  Petitioners filed this *habeas* action on December 12, 2005.  The DTA was enacted on December 30, 2005, and its jurisdiction-stripping provisions did not expressly apply to Petitioner Al Darbi until almost a year later, with the enactment of the MCA.  *See Hamdan v. Rumsfeld,* 126 S. Ct. 2749, 2769 (2006) (finding that DTA did not apply to *habeas* actions brought by Guantánamo detainees prior to enactment).  In these circumstances, the Court should stay this action while Petitioner Al Darbi pursues his remedies under the DTA and tests the constitutional sufficiency of such remedies.

## III.     THE COURT CAN AND SHOULD PRESERVE THE STATUS QUO OF THIS ACTION, INCLUDING THE AMENDED PROTECTIVE ORDER

Respondents suggest that dismissal of this action should only require dissolution of those portions of the Amended Protective Order that assist Petitioner Al Darbi in the pursuit of his claims, *i.e.,* those provisions governing Petitioner Al Darbi's access to and communication with his counsel.  Respondents fail to explain how this cherry-picking approach can be appropriate in

this case when numerous courts have clearly found otherwise: there is no precedent supporting

the selective or complete dissolution of a protective order upon dismissal of the underlying suit.

*See, e.g., SRS Techs., Inc. v. Physitron*, Inc., 216 F.R.D. 525, 526 (N.D. Ala. 2003). Indeed,

survival of a piecemeal version of the Amended Protective Order in the form of a new,

substantially altered protective order is procedurally impossible absent a separate order of this

Court. *See Adem v. Bush*, 425 F. Supp. 2d 7, 20 (D.D.C. 2006); *see also, e.g., Gambale v.*

*Deutsche Bank AG*, 377 F.3d 133, 140-41 (2d Cir. 2004).

     Finally, under Respondents' suggested revision of the Amended Protective Order,

Petitioner Al Darbi would be effectively denied access to counsel and thus hindered in his ability

to exhaust his legal remedies under the DTA. In the complicated and ever-changing legal

landscape for detainees at Guantánamo, it is simply inconceivable that Petitioner Al Darbi should

be expected to understand his rights and navigate the entirely new waters of the DTA procedure

without the assistance of counsel. Such a situation would constitute precisely the sort of

prejudice to the position of Petitioner Al Darbi that a majority of the Supreme Court instructed

the courts to guard against. *See Boumediene II*, 127 S. Ct. at 1478 (stating that courts should "act

promptly to ensure that the offices and the writ of habeas corpus are not compromised") (internal

citations omitted).

**IV.    CONTRARY TO RESPONDENTS' ASSERTIONS, TRANSFER IS AVAILABLE
        AS AN ALTERNATIVE TO DISMISSAL**

     Respondents erroneously assert that if this Court finds that it lacks jurisdiction over

Petitioners' case, transfer to the Court of Appeals is unavailable. *See* Resp'ts' Reply and Resp.

at 5-8. Their arguments, however, fail on all counts.

     Respondents acknowledge the Court of Appeals' test for transfer under 28 U.S.C. § 1631,

which requires that: "(1) there must be a lack of jurisdiction in the district court; (2) the transfer

must be in the interest of justice; and (3) the transfer can be made only to a court in which the action could have been brought at the time it was filed or noticed." Resp'ts' Reply and Resp. at 6 (quoting *Ukiah Adventist Hosp. v. FTC*, 981 F.2d 543, 549 (D.C. Cir. 1992)). Respondents do not dispute that the first requirement, lack of jurisdiction, is satisfied in this case, but their argument that the second and third requirements are not satisfied relies upon a misinterpretation and a misapplication of the Court of Appeals' test.

Regarding the second requirement of this test, Respondents claim that "[t]he interest of justice would be disserved by transfer in this case" because Petitioner Al Darbi can file a petition under the DTA. *See* Resp'ts' Reply and Response at 6. The fact that Petitioner Al Darbi has rights under the DTA, which he intends to exercise forthwith, is not dispositive regarding the propriety of transfer: indeed, if Respondents were correct that the mere ability to file claims in another forum were enough to defeat arguments for transfer, then Section 1631—which allows transfer to *any* court in which the suit "could have been brought"—would be meaningless.

Rather, the Court is required to carefully consider the reasons why transfer would be in the interests of justice. *See Ingersoll-Rand Co. v. United States of America*, 780 F.2d 74, 80 (D.C. Cir. 1985) (remanding and ordering the parties and the district court to address the question of whether transfer rather than dismissal would be appropriate); *Liriano v. United States of America*, 95 F.3d 119, 122 (2d Cir. 1996) ("In determining whether a transfer is in the interest of justice, the equities of dismissing a claim when it could be transferred should be carefully weighed. Factors militating for a transfer include . . . a finding that the original action was filed in good faith."). To that end, several courts have found transfer appropriate in cases where a petitioner's case would face prejudice upon dismissal. *See Callejo v. Resolution Trust Corp.*, 17 F.3d 1497, 1501 (D.C. Cir. 1994) (finding transfer appropriate to "avoid any statute of

limitations problems that petitioners might otherwise encounter"); *Five Flags Pipe Line Co. v. Dep't of Transp.*, 854 F.2d 1438, 1442 (D.C. Cir. 1988) (finding transfer "in the interest of justice" where "[g]iven the unique circumstances of this case, and the understandable mistake that petitioners have made in seeking initial review in this court . . . the fairest and most appropriate course" is to transfer); *O'Neal v. Hatfield*, 921 F. Supp. 574, 576 (S.D. Ind. 1996) (transfer appropriate where "plaintiffs would likely be barred by the applicable statute of limitations from re-filing the suit in the proper jurisdiction" and where transfer will "work no perceivable hardship" on defendants).  Further, some courts have even found that Section 1631 was drafted to *favor* transfer over dismissal.  *See Paul v. I.N.S.*, 348 F.3d 43, 46 (2d Cir. 2003) (noting that Section 1631 directed that courts "*shall*" transfer if it is in the interest of justice and holding that "[a]s we read this statute, the district court was required to transfer [petitioner's] petition for review to us unless it was not in the interest of justice to do so").

By contrast, dismissal in lieu of transfer has typically been held appropriate only when petitioners have failed to show a substantial basis for relief in the transferee forum or some other defect in the petitioner's claims or diligence in pursuing them.  *See, e.g.*, *In re Ricotta*, No. 93-5306, 1993 WL 558050, at *1 (D.C. Cir. Dec. 9, 1993) (transfer inappropriate where petitioner's arguments for release "meritless"); *Goldin v. United States*, No. 97-5148, 159 F.3d 636 (D.C. Cir. Mar. 17, 1998) (transfer under Section 1631 inappropriate where petitioner "has not established that he has any remaining claims or that those claims are meritorious") (unpublished table opinion).  That is not the case here.  Petitioner Al Darbi has an *express statutory right* to pursue his claims in the Court of Appeals—as conceded by Respondents—and he has diligently pursued his claims since filing his *habeas* petition, notwithstanding the significant changes to the procedures and remedies available to him and Respondents' numerous attempts to stay or

dismiss his petition.  Moreover, Respondents do not deny that, in the event of dismissal, the

protections ensuring, *inter alia*, Petitioner Al Darbi's access to counsel could be dissolved or

significantly impaired, resulting in substantial prejudice to Petitioner Al Darbi's pursuit of either

a DTA claim or a renewed *habeas* petition upon exhaustion of his DTA remedies.  *See, e.g., Five

Flags*, 854 F.2d at 1442 (transfer appropriate where "[n]o purpose would be served in dismissing

the petitions, and thus requiring the petitioners to refile their challenges in the district court").

     Regarding the third requirement of the test for transfer under Section 1631, Respondents

make the novel and unsupported claim that "the transfer can be made only to a court in which the

action could have been brought at the time it was filed or noticed."  *See* Resp'ts' Reply and Resp.

at 7.  As such, Respondents mistakenly read this third requirement to mean that the Court of

Appeals must have jurisdiction to hear a *habeas* case for transfer to be appropriate.  Respondents

cite to no authority, however, for such a proposition.  Petitioners do not intend to seek *habeas*

relief from the Court of Appeals.  Instead, Petitioners request transfer of this *habeas* case and its

accompanying orders to the Court of Appeals for eventual *consolidation* with Petitioner Al

Darbi's petition for review under the DTA.  Nothing in the MCA, Section 1631 or case law

prohibits such a transfer.  Indeed, courts have held that a petitioner may establish jurisdiction of

claims in the transferee court on a basis different from that upon which he based his claims in the

transferor court.  *See Five Flags*, 854 F.2d at 1442.  Thus, if this Court finds that it lacks

jurisdiction over this case, the second and third requirements for transfer are clearly satisfied and

this Court should transfer the case to the Court of Appeals.

## CONCLUSION

     Petitioner Al Darbi's *habeas corpus* rights were not foreclosed by the recent decisions in

*Boumediene I* and *Boumediene II*, and remain the subject of ongoing litigation in the courts.  In

light of these circumstances, this court should exercise its right to preserve the status quo by

denying Respondents' Motion to Dismiss, and granting Petitioners' cross-motion for an order

staying and abeying these proceedings pending Petitioner Al Darbi's exhaustion of his remedies

under the DTA.  Alternatively, if this Court determines that it lacks jurisdiction over Petitioner

Al Darbi's *habeas* petition, then it should transfer this action to the Court of Appeals for eventual

consolidation with Petitioner Al Darbi's petition for review under the DTA.

Dated:  May 24, 2007

                                        Respectfully submitted,

                                        SIMPSON THACHER & BARTLETT LLP

                                        /s/ Paul C. Curnin
                                        Paul C. Curnin
                                        Veronica Vela
                                        Karen E. Abravanel
                                        425 Lexington Avenue
                                        New York, New York 10017
                                        (212) 455-2000

                                        Attorneys for Petitioners


*Of Counsel*:

J. Wells Dixon
Gitanjali S. Gutierrez
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6439
Fax: (212) 614-6499