~~SECRET//NOFORN~~

FILED WITH THE
COURT SECURITY OFFICER
CSO: *Straus*
DATE: 12/22/09

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

)
AHMAD MOHAMMAD AL DARBI, )
)
Petitioner, )
)
v. ) Civil No. 05-2371 (RCL)
)
BARACK OBAMA, *et al.*, )
)
Respondents. )
)

## MEMORANDUM OPINION

Petitioner is challenging the legality of his detention at the United States Naval Base in Guantanamo Bay, Cuba ("Guantanamo"). This matter comes before the Court on petitioner's Motion [172] to Compel Production of Exculpatory Information and Automatic Discovery. Upon consideration of the motion, the opposition and reply thereto, the applicable law, and the entire record herein, the motion shall be GRANTED IN PART and DENIED IN PART for the reasons set forth below.

### I. BACKGROUND

This Court is operating under the Case Management Order ("CMO") [88] issued by Judge Hogan on November 6, 2008, as amended [100] on December 16, 2008. Pursuant to Amended CMO § I.D.1, the government must "disclose to the petitioner all reasonably available evidence in its possession that tends materially to undermine the information presented to support the government's justification for holding the petitioner." Reasonably available evidence is defined as "evidence contained in any information reviewed by attorneys preparing factual returns for all

~~SECRET//NOFORN~~

SECRET//NOFORN

detainees; it is not limited to evidence discovered by the attorneys preparing factual returns for the petitioner." Amended CMO § I.D.1. On May 8, 2009, respondents certified that they had disclosed all reasonably available exculpatory evidence to petitioner. (Certification of Disclosure of Exculpatory Evidence [148].)

In addition, Section I.E.1 provides that, if requested by the petitioner, the government is required to disclose:

> (1) any documents and objects in the government's possession that the government relies on to justify detention; (2) all statements, in whatever form, made or adopted by the petitioner that the government relies on to justify detention; and (3) information about the circumstances in which such statements of the petitioner were made or adopted.

Amended CMO § I.E.1. On April 17, 2009, petitioner's counsel requested information pursuant to Section I.E.1. On May 5, 2009, respondents informed petitioner that they already disclosed all the information required under Section 1.E.1. As a result, respondents did not produce any additional documents.

Unsatisfied with respondents' production of exculpatory information under Section I.D.1 and additional information under Section I.E.1, petitioner now moves to compel the production of exculpatory information and automatic discovery.

## II.     DISCUSSION

### A.     *Reasonably Available Exculpatory Evidence*

When analyzing a petitioner's request for exculpatory evidence, the Court must "scrutinize whether the petitioner has made specific requests for exculpatory information." *Bin Attash v. Obama*, 628 F. Supp. 2d 24, 31 (D.D.C. 2009). If the Court finds the request is specific

SECRET//NOFORN                                                      2

SECRET//NOFORN

and exculpatory on its face, the Court will grant petitioner's request. *Id.* If the petitioner makes a colorable claim that the requested information is exculpatory, but the Court is unable to ascertain the character of the evidence from the pleadings, the Court will conduct *in camera* review of the evidence to determine whether it is exculpatory and should be disclosed to petitioner. *Id.* (citing *Pennsylvania v. Ritchie*, 480 U.S. 39, 59 (1987)). Finally, if the petitioner fails "to make a specific, colorable claim" that the requested information is exculpatory, the Court will deny the petitioner's request. *Id.*

Petitioner asserts that there are ten categories of specific, exculpatory evidence that the government failed to disclose. The Court will address each category in turn.

### 1. *All Reasonably Available Evidence Showing That Petitioner Was Subject to Abuse, Torture, Coercion, or Duress*

Petitioner seeks all reasonably available evidence showing that he was subject to abuse, torture, coercion, or duress prior to or contemporaneous with the time he made statements included in the factual return. Specifically, petitioner requests the following evidence showing that he was subject to abuse, torture, coercion, or duress:

(i) any reports, notes or recordings reflecting the physical and psychological abuse of petitioner during the course of this transfer to U.S. custody;

(ii) any recorded allegations of abuse or mistreatment made by petitioner to U.S. agents;

(iii) any report of investigation or other writing relating to the investigation of allegations of abuse or mistreatment of petitioner prepared by the U.S. Army's Criminal Investigation Division or any other agency of the U.S.;

(iv) any report of investigation or other writing relating to the investigation of the death of Dilawar and other detainees who died during the time that petitioner was detained in Bagram;

SECRET//NOFORN 3

~~SECRET//NOFORN~~

    (v)    any records of the interrogation techniques used against petitioner by U.S. agents; and

    (vi)    all medical and psychiatric records for petitioner that reflect physical abuse or torture.

(Mot. [172] to Compel at 9-10.)

This Court has repeatedly held—and respondents concede—that evidence showing that a petitioner was subject to abuse, torture, coercion, or duress prior to or contemporaneous with the time that the petitioner made statements included in the factual return is exculpatory and must be produced under Amended CMO § I.D.1. *See, e.g., LNU v. Obama*, Civ. No. 09-745, 2009 WL 3030648, at *3-*4 (D.D.C. Sept. 23, 2009) (Lamberth, C.J.) (ordering the government to produce all reasonably available evidence of abusive treatment prior to or contemporaneous with any statements made by petitioner that were included in the factual return); *Bin Attash*, 628 F. Supp. 2d at 39 (agreeing with the other members of this Court and ordering the production of all reasonably available evidence that the petitioner was subject to torture prior to or contemporaneous with the time the petitioner made any statements that were included in the factual return). Nevertheless, respondents challenge petitioner's request.

First, with respect to petitioner's requests (i)-(iii) and (vi), respondents argue that they have produced all evidence of abuse with respect to petitioner. To date, however, respondents have produced only one document relevant to petitioner's request. Petitioner has made a showing that additional documents showing that petitioner was abused exist. In particular, petitioner alleges that U.S. Army[3] ███████ tortured or abused petitioner during interrogations at Bagram. (Mot. Ex. A.) [3] ███████ was later tried before an Army court-

~~SECRET//NOFORN~~

martial for these alleged abuses, and petitioner's testimony against [3] ▮▮▮▮ was used at the trial. Indeed, documents from [3] ▮▮▮▮ court-martial are responsive to petitioner's request. In addition, petitioner demonstrates that three unclassified investigative reports issued by the U.S. Army's Criminal Investigative Task Force ("CITF") contain detailed accounts of petitioner's reports of physical and psychological abuse at Bagram. Similarly, these reports are responsive to petitioner's request. Moreover, petitioner's military commission case produced many documents, both unclassified and classified, showing that petitioner was subject to abuse. Petitioner's counsel has signed on to the protective order that applies to petitioner's military commission case and has received documents from petitioner's counsel in that case which show that petitioner was subject to abuse or torture. Accordingly, petitioner has identified additional documents that show petitioner was subject to abuse or torture prior to or contemporaneous with any statements made by petitioner that are relied upon in the factual return. Pursuant to Amended CMO § I.D.1, such documents are exculpatory and must be produced to the extent they are reasonably available.

Second, with respect to request (iv), respondents contend that information relating to the death of Dilawar and other detainees at Bagram is irrelevant to the alleged physical or psychological abuse of petitioner. The Court agrees. Respondents do not rely on any statements made by Dilawar prior to his death to justify the detention of petitioner. Thus, any information relating to his death or the death of others at Bagram is not exculpatory. Petitioner's specific request (iv) is therefore denied.

Last, respondents argue that petitioner's specific request (v), relating to any records of

~~SECRET//NOFORN~~

interrogation techniques used against petitioner, is overbroad. Interrogation techniques certainly may show that petitioner was subject to abuse, torture, coercion, or duress prior to or contemporaneous with the time that petitioner made any statements included in the factual return. Accordingly, respondents must produce the interrogation techniques used against petitioner prior to or contemporaneous with statements made by petitioner that are included in the factual return. Respondents, however, do not have to produce interrogation techniques that do not evidence abuse, torture, coercion, or duress.

In sum, respondents must produce all reasonably available evidence showing that petitioner was subject to abuse, torture, coercion, or duress prior to or contemporaneous with the time he made the statements included in the factual return. *See Bin Attash*, 628 F. Supp. 2d at 39. Respondents' obligation under Section I.D.1 of the Amended CMO includes producing documents responsive to petitioner's specific requests (i)-(iii) and (v)-(vi), provided the documents show that petitioner was subject to abuse, torture, coercion, or duress prior to or contemporaneous with the time he made any statements which are included in the factual return. Respondents, however, do not have to produce documents pertaining to petitioner's specific request (iv). Should respondents fail to either produce evidence of coercion or deny petitioner's allegations of abuse, respondents will not be allowed to use any of petitioner's statements in the merits of this litigation. *Id.* at 40.

2.  *All Reasonably Available Statements Made by Abd Al Rahim Al Nashiri and Other Individuals Involved in the Tanker Plot that Deny, Undermine or Contradict Respondents' Allegations*

Respondents agree to search for and produce "reasonably available statements in which

~~SECRET//NOFORN~~                                                              6

~~SECRET//NOFORN~~

participants in the tanker plot, including al-Nashiri, otherwise deny or contradict the Government's allegations." (Opp'n at 17.) Respondents' obligation, however, does not include producing statements that did not mention petitioner's name. *See Bin Attash*, 628 F. Supp. 2d at 32 (explaining that statements that do not mention petitioner are "merely neutral, and not exculpatory"). In addition, respondents are not required to produce information regarding the circumstances under which any statements by Al Nashiri were made because the government does not rely on Al Nashiri's statements in the factual return. *See id.* at 40. Accordingly, petitioner's request is denied.

### 3. *All Reasonably Available Evidence Showing that U.S. Agents Have Asked, Requested, or Pressured Petitioner to Testify Against Other Individuals*

Petitioner argues any reasonable available evidence showing that respondents pressured him to testify against other individuals is exculpatory and must be produced under Amended CMO § I.D.1. Petitioner has failed to make a colorable claim that such evidence would be exculpatory. As respondents correctly state, the issue in this case is whether the allegations in the factual return demonstrate that petitioner may be lawfully detained under the Authorization for the Use of Military Force ("AUMF"), Pub. L. 107-40, 115 Stat. 224 (2001). (Opp'n at 18.) A petitioner may be detained under the AUMF if the allegations in the factual return support the conclusion that the petitioner was a part of the Taliban, al Qaeda, or associated enemy forces. *Mattan v. Obama*, 618 F. Supp. 2d 24, 26 (D.D.C. 2009) (Lamberth, C.J.). Whether petitioner was approached about testifying against other individuals does not undermine the government's claim that petitioner may be lawfully detained under the AUMF. Accordingly, petitioner's request is denied.

~~SECRET//NOFORN~~   7

SECRET//NOFORN

4. *All Reasonably Available Intelligence Reports or Information about Petitioner, Including Information from Foreign Intelligence or Law Enforcement Agencies, That Were Provided to U.S. Agents Who Interrogated Petitioner at Bagram*

Petitioner seeks all reasonably available intelligence reports or information, including information from foreign intelligence or law enforcement, provided to respondents about petitioner. Petitioner maintains that this information is exculpatory because it shows why certain interrogation techniques were used on petitioner. The Court disagrees. Why certain interrogation techniques were used on petitioner is unrelated to the credibility and reliability of any statements made by petitioner. As discussed above, respondents must produce all reasonably available evidence showing that petitioner was subject to abuse, torture, coercion, or duress contemporaneous with or prior to any of petitioner's statements upon which respondents rely. From that evidence, the Court will be able to determine the credibility and reliability of petitioner's statements. Accordingly, petitioner's request is denied.

5. *All Reasonably Available Evidence Showing that the Witnesses on Whom the Government Relies Were Physically and/or Psychologically coerced Prior to Giving Statements*

Respondents agree to search for and produce all reasonably available evidence showing that the witnesses on whom they rely were physically and/or psychologically coerced prior to giving their statements. (Opp'n at 20.) Therefore, the Court will deny petitioner's request.

6. *All Reasonably Available Evidence Showing that Petitioner Has Denied Involvement in the Allegations Contained in Respondents' Narrative and Exhibits*

It is undisputed that "any denials of petitioner's involvement in the allegations detailed in the factual return are exculpatory because they tend to undermine any other statements in which

SECRET//NOFORN                                                                                              8

~~SECRET//NOFORN~~

the petitioner does admit involvement" in terrorist activities. *Bin Attash*, 628 F. Supp. 2d at 33 (citing *United States v. Bagley*, 473 U.S. 667, 676 (1985)). Nevertheless, respondents argue that they do not have to search for or produce such information because petitioner does not state that he denied any facts relied upon in the factual return during his interrogations. (Opp'n at 21.) This argument is without merit. Petitioner demonstrates that he denied the allegations contained in the factual return on at least two occasions. In addition, petitioner's counsel has obtained evidence showing petitioner denied the allegations in the factual return from the prosecution in the military commission proceeding against petitioner. Last, this Court in *Bin Attash* did not require that petitioner show that any denials were made during interrogation. Rather, the Court only required that the denials were made during petitioner's detention. *See Bin Attash*, 628 F. Supp. 2d at 32 (noting that petitioner argued that he made statements of denial "over the course of his detention"). Accordingly, the Court will grant petitioner's request for all reasonably available evidence that petitioner has denied involvement in the allegations contained in the factual return.

7. *All Exculpatory Information Compiled by the Guantanamo Detainee Review Task Force*

Respondents agree to conduct a reasonably targeted search of the materials made available to the Guantanamo Review Task Force for exculpatory evidence and other automatically discoverable information under the Amended CMO. (Opp'n at 22.) Accordingly, petitioner's request is denied.

8. *All Exculpatory Information Produced by the Government in the Pending Military Commission Proceeding Against Petitioner*

~~SECRET//NOFORN~~                                                             9

UNCLASSIFIED//FOR PUBLIC RELEASE

~~SECRET//NOFORN~~

Petitioner seeks all exculpatory information produced by the government in the pending military commission proceeding against petitioner. The documents from petitioner's military commission proceeding are in the database of the Guantanamo Review Task Force. Respondents have already agreed to confer with petitioner's counsel to define the terms and scope of their search of the Task Force database for exculpatory information. When the parties confer, respondents can ensure that the search includes exculpatory information from petitioner's military commission proceeding. As a result, a separate search of the materials produced by the government in the pending military commission proceeding is not necessary, nor is it necessary for respondents to produce all the materials to petitioner's counsel for petitioner's counsel to sort through for exculpatory information. Accordingly, petitioner's request is denied.

9.  *All Exculpatory Information Compiled by Respondents in Petitioner's CSRT and/or Administrative Review Board Proceedings*

It is undisputed that petitioner is entitled to all exculpatory information compiled by the government during petitioner's CSRT and Administrative Review Board ("ARB") Proceedings. *Bin Attash*, 628 F. Supp. 2d at 35-36. On May 8, 2009, Respondents certified that they produced all exculpatory information pursuant to Amended CMO § I.D.1, including information from petitioner's CSRT proceedings (petitioner has not had an ARB proceeding). Petitioner argues that respondents cannot rely on that certification because respondents have acknowledged that it was insufficient in several areas. (Reply at 21-22.) Petitioner, however, has failed to demonstrate that additional exculpatory documents exist from petitioner's CSRT proceedings. Thus, requiring respondents to search the documents from petitioner's CSRT proceedings again, without identifying specific information that was not produced, would be unduly burdensome

UNCLASSIFIED//FOR PUBLIC RELEASE

~~SECRET//NOFORN~~

and duplicative. Accordingly, the Court shall deny petitioner's request.

### 10.   *Unredacted Copies of Classified Documents Produced by the Government Pursuant to Section I.D.1 of the Amended CMO*

Petitioner's final request under Section I.D.1 is for unredacted copies of classified documents produced pursuant to Section I.D.1 of the Amended CMO. Section I.F of the Amended CMO requires respondents to provide petitioner's counsel with any classified information disclosed under Sections I.D or I.E of the Amended CMO. Amended CMO § I.F. If, however, respondents "object to providing petitioner's counsel with the classified information," respondents may file a motion before the merits judge for an exception to disclosure. *Id.*

Under Section I.D.1, respondents only have to disclose exculpatory information to petitioner. Here, respondents contend that they have not redacted any exculpatory information because respondents have only redacted "source-identifying and internal administrative information that is not exculpatory in nature." (Opp'n at 27.) The Court agrees. Respondents may redact portions of documents that are disclosed pursuant to Section I.D.1 that are not exculpatory in nature, such as source-identifying and internal administrative information. Petitioner has failed to show that respondents redacted information other than source-identifying or internal administrative information. Accordingly, petitioner's request is denied.

### B.   *Discovery under Section I.E.1 of the Amended CMO*

Petitioner asserts that respondents must produce three categories of information under Section I.E.1 of the Amended CMO. The Court will address each category in turn.

#### 1.   *All Forms of Petitioner's Statements on which Respondents Rely*

Respondents agree to produce "all forms of [petitioner's] statements cited in the factual

~~SECRET//NOFORN~~                                                                                                       11

~~SECRET//NOFORN~~

return." As stated previously by this Court, "respondents' obligation includes producing any video, audio, transcripts, notes, and/or reports of all petitioner's statements upon which respondents rely." *LNU*, 2009 WL 3030648 at *2. Because respondents agree to produce all forms of petitioner's statements relied upon in the factual return, petitioner's request is denied.

### 2. *Circumstances in which Petitioner Made or Adopted the Statements on which Respondents Rely*

Respondents claim that they produced all reasonably available evidence about the circumstances in which petitioner made the statements upon which respondents' rely on May 5, 2009. (Pet'r's Mot. Ex. F.) After May 5, 2009, however, this Court held that respondents have an obligation to produce information about the circumstances in which petitioner's statements were made, including interrogation logs, for all statements on which respondents rely. *See LNU*, 2009 WL 3030648 at *2; *Bin Attash*, 628 F. Supp. 2d at 37. Accordingly, respondents must produce the circumstances in which petitioner's statements were made or adopted, including any interrogation logs or plans, which were not provided on May 5, 2009.

### 3. *Unredacted Copies of All Classified Documents Included in the Factual Return*

Section I.E.1 of the Amended CMO "requires the government to disclose any documents that the government relies on to justify detention, not merely portions of those documents." *Bin Attash*, 628 F. Supp. 2d at 36. If, however, respondents have "compelling reasons to withhold disclosure . . . , [they] may move for an exception" under Section I.F of the Amended CMO. *Id.*

Here, respondents assert that they will file a motion pursuant to Section I.F of the Amended CMO, along with unredacted copies of the documents, submitted *ex parte*, for *in camera* review. Accordingly, the Court will deny petitioner's request for unredacted copies of all

~~SECRET//NOFORN~~                                                            12

~~SECRET//NOFORN~~

classified documents included in the factual return at this time, and respondents are instructed to file a motion pursuant to Section 1.F of the Amended CMO to justify withholding the redacted information from petitioner.

## III.  CONCLUSION

For the reasons set forth above, petitioner's motion shall be granted in part and denied in part. A separate Order shall issue this date.

12/22/09
DATE

ROYCE C. LAMBERTH
CHIEF JUDGE

UNCLASSIFIED//FOR PUBLIC RELEASE

~~SECRET//NOFORN~~

FILED WITH THE
COURT SECURITY OFFICER
CSO: _Krause_
DATE: 12/22/09

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AHMAD MOHAMMAD AL DARBI, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> BARACK OBAMA, *et al.*, ) <br> ) <br> Respondents. ) <br> ) | Civil No. 05-2371 (RCL) |

### ORDER

Upon consideration of petitioner's Motion [172] to Compel Production of Exculpatory Information and Automatic Discovery, the opposition and reply thereto, the applicable law, and the entire record herein, it is hereby

ORDERED that petitioner's motion is GRANTED IN PART and DENIED IN PART. Specifically, it is

ORDERED that respondents must produce all reasonably available evidence showing that petitioner was subject to abuse, torture, coercion, or duress prior to or contemporaneous with the time he made statements included in the factual return, including:

- any reports, notes or recordings reflecting the physical and psychological abuse of Mr. Al Darbi during the course of his transfer to U.S. custody;

- any recorded allegations of abuse or mistreatment made by Mr. Al Darbi to U.S. agents;

- any report of investigation or other writing relating to the investigation of allegations of abuse or mistreatment of Mr. Al Darbi prepared by the U.S. Army's Criminal Investigation Division or any other agency of the U.S.;

~~SECRET//NOFORN~~

UNCLASSIFIED//FOR PUBLIC RELEASE

~~SECRET//NOFORN~~

- any records of the interrogation techniques used against Mr. Al Darbi by U.S. agents; and

- all medical and psychiatric records for Mr. Al Darbi that reflect physical abuse or torture.

It is further ORDERED that respondents are required to produce all reasonably available evidence that petitioner has denied involvement in the allegations contained in the factual return; it is further

ORDERED that respondents must produce the circumstances in which petitioner's statements were made or adopted, including any interrogation logs or plans, which were not provided on May 5, 2009; and it is further

ORDERED that petitioner's motion is DENIED in all other respects.

SO ORDERED.

12/22/09
DATE

ROYCE C. LAMBERTH
CHIEF JUDGE